Argued and submitted October 17, 1983, reversed and
remanded for reconsideration February 8, 1984

CARR,
*Petitioner,*

*v.*

ADULT AND FAMILY
SERVICES DIVISION,
*Respondent.*

(5-1401-MYE593-8; CA A27560)

676 P2d 359

Amy Veranth, Portland, argued the cause and filed the
briefs for petitioner.

William F. Nessly, Jr., Assistant Attorney General, Salem,
argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner appeals an order of the Adult and Family Services Division (AFSD) upholding the termination of her General Assistance (GA) benefits. The hearings officer concluded that petitioner had failed to document a condition of unemployability and was for that reason ineligible for further GA benefits.[1] Because the order fails to demonstrate a rational nexus between its findings of fact and conclusion of law, we reverse and remand for further proceedings.

Before the commencement of these proceedings petitioner had received GA benefits, because psychiatric problems had rendered her unemployable. She had been receiving benefits for about one year when AFSD notified her that current medical information was required to establish her continuing eligibility. In support of her claim, petitioner submitted a letter from a psychiatrist who had been seeing her regularly for more than a year. The letter described the psychiatrist's familiarity with petitioner's psychiatric problems, noting that he had treated her for similar problems as early as 1976. It continued:

---

[1] OAR 461-05-305 provides in part:

"General Assistance is provided to assist specific needy groups of persons who are not eligible for any other assistance program. In addition to being a person included in one of these groups, the person must meet the specific eligibility criteria for General Assistance Program. The following groups may be considered for General Assistance eligibility:

"Unemployable persons * * *

"* * * * *."

OAR 461-05-311 provides in part:

"A person is considered unemployable when a short-term diagnosed physical or mental incapacity as certified by a licensed medical professional specified in rule 461-05-315 prevents the person from engaging in any type of gainful employment. The condition must be expected to last for a period of 60 days or more from the date of request * * *.

"* * * * *"

OAR 461-05-315 provides in part:

"Unemployability will be established as follows:

"* * * * *

"2) Written reports documenting unemployability may be accepted from the following licensed medical professionals approved by AFS: Medical doctor, osteopathic doctor, psychiatrist, clinical psychologist, chiropractor * * *

"* * * * *."

"* * * * *

"Her history is replete with numerous psychiatric hospitalizations for various periods of time, some accompanied by suicidal gestures or intent, all with characteristics of Depressive Illness and a possible thought disorder. She has a strong positive history for substance abuse and the exact relationship to this and her variety of emotional decompensations is unknown.

*"Mental Status*

"The patient is well oriented for time, place and person. She is given to frequent expressions of overinclusive ideation, but has not demonstrated hallucinatory nor frankly delusional thought since a resumption of her contacts in 1981. Her affect is generally appropriate and at times she is extremely depressed. The depressions are accompanied by marked weight loss, dishevelled appearance and withdrawal. There is no clear cut evidence of intellectual impairment and her intelligence is felt to be above average.

*"Diagnosis*

"1.   Depressive Illness, with psychotic overtones, unipolar type

"2.   Substance Abuse, multiple

"Currently her medication includes the use of a mild muscle relaxant and an occasional Empirin # for her complaints of migraine headache. It is my opinion that this woman represents very much of a borderline psychiatric illness with a periodic marked severe regression and interference with her ability to cope. Further information can be obtained from Dr. John Blanchard as to the status of her diabetic condition.

"In view of her current emotional problems, I feel that she will be unemployable for the next 90 days."

This letter was reviewed by an AFSD Medical Review Team (MRT),[2] which concluded that there was "no specific data to support a disability. The [petitioner's] doctor has stated conclusions without detailing the basis for his findings." After AFSD denied the benefits, petitioner requested a hearing on the issue of her employability. The hearings offier upheld the denial. This appeal followed.

---

[2] "Today, MRT is a body authorized by AFSD rule to assist the agency in the evaluation of medical evidence submitted to support claims for assistance. The team consists of one program specialist, three registered nurses and several consulting physicians under contract with AFSD. OAR 461-05-230(1). * * *" *Amundson v. AFSD,* 63 Or App 313, 316, 663 P2d 810 (1983).

Relevant portions of the AFSD order read:

"* * * * *

"The State's reviewer, a consulting psychiatrist, concluded that the treating doctor had not detailed the basis for his findings. * * *

"It is apparent that the woman is under stress, and was depressed and not adequately functioning during the months August through October, 1982. However, the medical report does not document her statements nor does it give [the] basis for the psychiatrist's conclusion. * * * Inasmuch as eligibility for GA is based on a licensed medical professional report documenting a disability and an unemployable condition, and such a condition is not herein documented, the termination of assistance is upheld.

"* * * * *"

■ *In Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975), we held that an agency, in its order, must "clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes." 20 Or App at 190. We refined this requirement in *McCann v. OLCC,* 27 Or App 487, 503, 556 P2d 973, *rev den* 277 Or 99 (1977), stating that "an agency's reasoning [must] be rational, that is not irrational, nonrational or fallacious." *See also City of Roseburg v. Roseburg Firefighters,* 292 Or 266, 271-72, 639 P2d 90 (1981); *Springfield Education Assn. v. School Dist.,* 290 Or 217, 228, 621 P2d 547 (1980). These principles are embodied in ORS 183.470.[3] The AFSD order falls short of these requirements.[4]

First, the order in this case is internally inconsistent concludes that it was "apparent" petitioner was under stress, depressed and not adequately functioning, while at the same

---

[3] ORS 183.470(2) provides:

"(2) A final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

[4] Petitioner's first assignment of error is that AFSD erred in denying her GA benefits, arguing that the order is not supported by substantial evidence. Before there can be meaningful judicial review of the record for substantial evidence, we must know what the agency considers the ultimate facts to be and how they lead to the decision. The parties conceded during oral argument that the AFSD order may be defective in this regard. Thus, although petitioner has framed her major argument around which party had the burden of proof at the hearing, application of *McCann* is appropriate.

time concluding that petitioner had failed to document her condition. If it was *apparent* that petitioner has serious problems, the dispositive question should have been whether those problems were severe enough to render petitioner unemployable. Neither the findings of fact nor the reasoning address that issue.

Second, the order appears to rely on an unarticulated requirement regarding what constitutes "adequate medical documentation" of an unemployable condition. The only finding of fact on this question is the AFSD psychiatrist's conclusion that there were no specific data to support a disability. The order does not explain the respects in which the documentation presented fell short of being adequate, and there is no discussion of what documentation would have been adequate. The order also fails to explain why the AFSD psychiatrist's conclusion was dispositive of the contested issue at petitioner's hearing.

■ Third, even if some requirement of adequate medical documentation was appropriate to apply in petitioner's case, AFSD did not apply it in a manner that provides this court with the opportunity for meaningful judicial review. We are unable to review the order for substantial evidence, because we are left in the dark as to what facts AFSD considered in assessing the adequacy of petitioner's medical documentation.[5] Consequently, we are unable to determine if substantial evidence supports those facts. *Home Plate, Inc. v. OLCC, supra;* ORS 183.470(2).

For these reasons, we reverse and remand to AFSD for reconsideration of petitioner's application for GA benefits based on a condition of unemployability. ORS 183.482(8)(c).

---

[5] Petitioner argues that her psychiatrist's letter was adequate documentation of a condition rendering her unemployable and that, in any event, the agency had the burden of proof to show that petitioner was no longer eligible for benefits. Subsequent to petitioner's claim for benefits in this case, AFSD adopted rules setting forth medical documentation criteria, OAR 461-05-240, and allocating the burden of proving continuing eligibility to claimants. OAR 461-09-097(5). In the light of these rules, and our disposition of this case, we decline to address those arguments. However, we do suggest that AFSD may find it desireable to reopen the record if, on reconsideration of petitioner's claim, AFSD decides to apply its new rules. Petitioner must be afforded a fair opportunity to meet whatever eligibility requirements AFSD applies to her claim for benefits.