Argued and submitted October 17, 1983, reversed March 7, 1984

ENGMAN et al,
*Petitioners,*

*v.*

ADULT AND FAMILY SERVICES
DIVISION,
*Respondent.*

(SED-Medford-EWJ886; CA A27767)

677 P2d 719

Thad M. Guyer, Medford, argued the cause and filed the brief for petitioners.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioners seek judicial review of an administrative order issued by an Adult and Family Services Division (AFSD) hearing officer, who sustained the agency's seizure of petitioners' Renter's Refund check. We reverse.

The facts are uncontested. Petitioners (husband and wife) filed for a Renter's Refund, a special statutory entitlement and property interest for low income persons. Although ORS 310.645(1) provides that only one taxpayer per household may apply for a refund, both husband and wife signed the refund claim form. A refund check in the amount of $240 was issued. At AFSD's request, the check was seized by the Department of Revenue so it could be applied to a $367 child support arrearage incurred by husband as a result of a previous divorce.[1] Unlike husband, wife is not a support obligor or debtor to any state agency.

Husband had no income or earnings for the base year for the refund, but wife was employed. All of the household earnings were wife's. After the attachment, she telephoned AFSD to apprise it of that fact and requested that an apportioning of her share of the refund be done. Ultimately, AFSD determined that it would retain the entire refund. An administrative hearing followed, in which the hearing officer upheld AFSD's action, because husband, along with wife, had signed the refund form: "[T]hus the Department of Revenue considers him the payee for the Renter's Refund."

■ ■ Judicial review of administrative decisions is for substantial evidence. ORS 183.482(8)(c); *McPherson v. Employment Division,* 285 Or 541, 545, 591 P2d 1381 (1979). We are unable to find any evidence to support AFSD's seizure of petitioner's refund check. The most significant piece of evidence, the check itself, was not introduced at the hearing, nor was it described or explained. In its absence, the hearings officer could not validly have concluded that the attachment was proper.

■ The validity of AFSD's actions in this case is dependent on whom the refund check belonged to. If husband

---

[1] When there is an arrearage in child support payments, the state is empowered, in instances when public assistance has been issued, to collect the debt by setting off certain state payments due the debtor. *See* ORS 23.765 and 293.250.

was the payee, the seizure would have been valid. However, if the check was made payable to wife, or to husband and wife, its attachment to satisfy husband's premarital debt is not valid. ORS 108.020 provides that a person is not liable for her spouse's premarital debts. Husband's support obligations predate his marriage to wife. Moreover, the statutes which provide for setoffs as a means of satisfying support arrearages only authorize attachment of "refunds or sums due to the *debtor.*" ORS 293.250 (emphasis supplied); *see also* ORS 23.765. Wife is not a "debtor" within the meaning of those statutes.

■     Accordingly, in the absence of any evidence establishing who was listed as payee on the check, there is no evidence to support the agency's seizing it. We therefore reverse.

Reversed.[2]

---

[2] Initially, only husband's name appeared as a claimant in the caption of this case. Wife filed a motion to amend the caption so that it would also reflect her status as a claimant. Our review of the record does not disclose any order granting her motion, but shortly after her motion, wife's name appeared in the captions of the final order and the parties' briefs. In the light of the procedural background of this case, she is also listed, along with husband, as a petitioner in the caption of this opinion. However, her status in this regard is irrelevant, given the basis of our holding. If wife was either a sole or a joint payee, the agency's seizure of the refund check was invalid, regardless of whether wife was a party.