Argued and submitted April 2, reversed and remanded June 27, 1984

In the Matter of the Application for
a Dispenser Class A (DA) License by:
## MOKI, INC., LAKE OF THE WOODS RESORT,
*Petitioner,*

*v.*

## OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

(CA A29071)

683 P2d 159

Bradford J. Aspell, Klamath Falls, argued the cause for petitioner. With him on the brief was Aspell, Della-Rose & Whitlock, Klamath Falls.

Linda J. DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioner seeks judicial review of an order of the Oregon Liquor Control Commission (OLCC), which reversed the decision of the hearings examiner and denied petitioner's application to expand its Seasonal Dispenser license, ORS 472.205,[1] to a full year Dispenser Class A license (DA). ORS 472.110(2). Because OLCC failed to explain why it acted inconsistently, we are unable to determine whether there is substantial evidence to support the order. ORS 183.482(8)(c).

In May, 1982, petitioner purchased the Lake of the Woods Resort, which is located in a remote part of Klamath County between Klamath Falls and Medford. Petitioner operates the resort on a year-round basis. It serves local residents as well as winter and summer patrons who visit the area for recreational purposes. There are no Class A licensees within 20 miles of the resort. In its first ten months of operation, June, 1982 to March, 1983, petitioner's monthly food sales averaged $4,910.30; however, food sales dropped significantly during the winter. In contrast, the average of food sales in Klamath County for Class A outlets is over $19,000 per month.

In its ultimate conclusions of law, OLCC noted that its licensing criteria are in conflict regarding this application. A number of criteria favor the granting of the application, including: (1) insufficient dispenser outlets in the locality, OAR 845-05-030(1); (2) the unique dining atmosphere at the resort, OAR 845-05-040(2)(b); (3) the rural location of the resort, OAR 845-05-040(2)(d); (4) the resort's restaurant can seat fewer than 100 persons, OAR 845-05-040(2)(e); and (5) the menu, although limited, does not emphasize fast foods. OAR 845-05-040(3)(b). The limited menu and accompanying low sales weigh against the granting of the application under OAR 845-05-040(2)(a). The ultimate OLCC conclusion was that

> "[t]he sharp drop in the Applicant's sales during the winter months and the very low amount of those winter sales compared to the County DA average ultimately indicate

---

[1] The Seasonal Dispenser license was for seven months from May 15, 1983, to December 15, 1983, the maximum allowed by ORS 472.205(5).

insufficient public demand for issuance of a DA license. ORS 472.160(1)."

If this were all that the order contained, we could affirm it, given the broad discretion vested in OLCC and the fact that it is not required to grant licenses on a first come, first served basis. *Battle Creek Golf Course v. OLCC,* 21 Or App 179, 183-84, 534 P2d 204 (1975). However, OLCC took official notice that it had recently granted the application of another remote resort, Lemolo Lake Resort, to change its license from a Seasonal Dispenser license to a Class A license, even though that resort's average monthly sales were 50 percent less than the Lake of the Woods' average monthly sales. OLCC noted that it granted Lemolo Lake Resort's application because it had two distinct seasons which could not be accommodated by a Seasonal Dispenser license. The same is true with respect to this applicant.

OLCC failed to explain why Lemolo Lake's application was granted, while petitioner's was denied. Petitioner "is entitled to even treatment by rule of law and reasonable confidence that [it] has received such treatment." *Sun Ray Dairy v. OLCC,* 16 Or App 63, 71, 517 P2d 289 (1973). Although absolute consistency is not required, *McCann v. OLCC,* 27 Or App 487, 493, 556 P2d 973 (1976), *rev den* 277 Or 99 (1977), petitioner is entitled to a rational explanation of why OLCC denied its application but granted Lemolo Lake Resort's application. *Carr v. AFSD,* 66 Or App 830, 834-35, 676 P2d 359 (1984); *McCann v. OLCC, supra,* 27 Or App at 503. Without such an explanation, we are unable to review the order properly.

Reversed and remanded for reconsideration.