BENSON et al,
*Petitioners,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-3201-HEM 994-1; CA A26928)

684 P2d 624

Roberta J. Lindberg, Eugene, argued the case for petitioners. On the brief was James K. Kocher, Lane County Legal Aid Service, Inc., Eugene.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

### NEWMAN, J.

Petitioners appeal an order of Adult and Family Service Division (AFSD), which terminated an Aid to Dependent Children (ADC) grant of $539 per month and medical assistance benefits for petitioners and their 16-year-old son. The grant was based on the incapacity of the father. One of petitioners' assignments of error is that AFSD's hearings officer improperly considered facts not in the record. We agree and reverse and remand for reconsideration.

The father, age 38, was injured at work in 1971 and has not worked steadily since then. Petitioners have received ADC benefits since 1971. On July 21, 1982, an AFSD Medical Review Team (MRT) that assists in evaluation of medical evidence found that it was "unable to make a determination regarding Benson's employability," because none of the medical reports submitted "documents any objective findings which support unemployability. * * * MRT would be glad to reconsider this case if more current information consisting of sufficient objective findings were submitted."[1]

AFSD's branch office gave notice to petitioners of intent to close the grant. Petitioners requested and received a hearing. On November 10, 1982, AFSD issued an order upholding the termination. The hearings officer stated:

> "The Medical Review Team/Adult and Family Services Division denied ongoing eligibility based on incapacity on July 20, 1982. Eligibility was denied because of insufficient information to document unemployability. The Medical Review Team reconsidered their decision at the request of the Hearing Officer. The Review Team reviewed medical Exhibits #13 through #23. Their decision stands.
>
> "* * * * *
>
> "The hearing issue centers on whether medical reports confirm Mr. Benson is or is not incapacitated. * * * The medical reports indicate Mr. Benson does have low back pain, with frequent hospitalization for traction and drug therapy. But they do not substantiate pain of such extent to prevent employment under [OAR 461-05-465]. In addition, the

---

[1] The Medical Review Team consists of one program specialist, three registered nurses and several consulting physicians under contract with AFSD. OAR 461-05-230(1).

reports do not substantiate a limit to motion, namely stooping, bending, or reaching, twisting, and lifting preventing employment.

"The Hearing Officer compared the medical reports and Mr. Benson's own description of his problem with Rule 461-05-465. The reports do not show a permanent and total impairment. The reports do not substantiate unemployability for 60 days or more. The reports do not substantiate a handicap that would limit work to occupations providing only 60 percent of the standard minimum wage.

*"FINAL ORDER:*

"The Florence Branch Office was correct in attempting to close Mr. Benson's ADC grant July 26, effective August 5, 1982. The grant shall be closed as soon as possible."

Petitioners appealed, and AFSD withdrew the order. Petitioners submitted further medical evidence, and AFSD issued the reconsideration order from which this appeal is taken.

The hearings officer made additional findings of fact that are supported by substantial evidence:

"1.   Low mechanical back pain. There are not any significant neurological problems.

"2.   He is limited in motion and in the amount of weight that he can lift.

"3.   He suffers from depression.

"4.   He has probable personality disorder.

"5.   He is obese.

"6.   He also suffers some somalization [sic], depression, anxiety and hostility.

"7.   He is unable to work according to all the medical reports.

"8.   He is taking medication for pain and depression."

He then drew the following "Conclusions and Reasons:"

"Mr. Benson suffers from low mechanical back pain without significant neurological problems. His emotional problems are probably more significant than his physical difficulties. However, there is nothing in the record to clearly document the extent, duration and depth of these mental/emotional problems. There is no doubt that he suffers from depression and anxiety. Reading through the record of medicals and considering the transcript, one gains the impression

that very possibly he is using his physical symptoms to further his emotional problems and is therefore manipulating his environment to his own ends, whatever they may be. There is no physical, psychological or psychiatric documentation to support the conclusion that he is unemployable based upon mental or psychological disability.

"Several physicians have stated that he is unable to work. The record is not clear as to why such statements were made. That is, were these statements based on objective medical findings or were they a physician [sic] 'off the cuff' evaluation of what was seen in the total patient.

"The doctors in this case have diagnosed the claimant as having mechanical low back pain with a certain amount of psychological overlay, and have made statements that he is unable to work. The hearing officer has no question about the diagnoses and finds them to be fact (see the above findings). The hearing officer is also generally aware that persons with similar or even more serious disabilities are gainfully employed. We do not know if the doctor's expertise in the medical field extends to the complicated knowledge of job placements or the availability of thousands of job descriptions. It seems reasonable to assume that most doctors do not have the expertise of a vocational placement counselor. Therefore, we do accept the doctor's diagnoses and put weight upon them, we cannot put the same weight upon the statements relating to the claimant's ability to work.

"The burden is upon the claimant to show that he cannot work, especially in the light that in cases of back pain and depression a change for the better can be expected. Although the evidence seems overwhelming at first when looking at this case, when given careful consideration it is not completely convincing.

"* * * * *

"The hearing officer can readily see some physical difficulties coupled with psychological problems. The record is not convincing that these are problems of a permanent and total nature to the extent that would make Mr. Benson eligible for continuing ADC. We therefore conclude that since Mr. Benson has not met the burden of pursuading us that he cannot work within the meaning of [OAR 461-05-465(1)] that the decision in this case must be in favor of the Branch Office.

*"FINAL ORDER:*

"The order of November 12, 1982, is affirmed. Mr. Benson does not meet the eligibility requirements for ADC based

upon incapacity. The Branch Office was correct in its closing action of August 5, 1982."

OAR 461-05-465(1) provides that a family is eligible for assistance if, because of incapacity, the parent:

"(A)   Is permanently and totally impaired to the degree of being precluded from engaging in gainful employment.

"(B)   Will be unemployable due to incapacity which is expected to continue for at least 60 days after the date of request for assistance.

"(C)   Is so handicapped that he/she is not employable in any occupation that would prevent at least 60 percent of the standard minimum wage, and the current occupation or change of job was caused by the residue effects of the incapacity * * *."

Petitioners have the burden to prove continuing eligibility. OAR 461-09-097(5).[2] AFSD may cancel a grant of public assistance "when the circumstances are not verified or have changed sufficiently to warrant such action." ORS 411.111.

OAR 461-05-315 provided that a claimant establish unemployability by submitting "written reports" from "licensed and medical professionals approved by AFS." Petitioners submitted the reports that the rule requires.[3] They also submitted a report from the Vocational Rehabilitation Division (VRD) that stated that "with his limited physical stamina and ongoing physical problems it is felt that [Benson's] involvement in a rehabilitation plan would be highly unlikely to be successful."

ORS 183.450(4) provides:

"Agencies may take notice of judicially cognizable facts, and they may take official notice of general, technical or scientific facts within their specialized knowledge. Parties shall be notified at any time during the proceeding but in any event prior to the final decision of material officially noticed and they shall be afforded an opportunity to contest the facts so noticed. Agencies may utilize their experience, technical

---

[2] OAR 461-09-097(5) became effective on February 1, 1983, after the hearing. *See Carr v. AFSD,* 66 Or App 830, 835 n 5, 676 P2d 359 (1984). In reconsidering its order AFSD should take the new rule into consideration.

[3] OAR 461-05-315 was amended, effective December 1, 1983. OAR 461-05-240 now covers medical documentation criteria.

competence and specialized knowledge in the evaluation of the evidence presented to them."

The hearings officer noted that he "is also generally aware that persons with similar or even more serious disabilities are gainfully employed."

■■■■ AFSD argues that the hearings officer merely relied on his experience, technical competence and specialized knowledge to evaluate evidence in the record. Although an agency may use its experience and expertise to evaluate and understand evidence, a hearings officer's "general awareness" is not a substitute for evidence. In addition to evidence offered in the record, he may only consider noticed facts that ORS 183.450(4) describes. *See Amundson v. AFSD,* 63 Or App 313, 318, 663 P2d 810 (1983); *Rolfe v. Psychiatric Security Review Board,* 53 Or App 941, 951, 633 P2d 846, *rev den* 292 Or 334 (1981). Here, the hearings officer took administrative notice of what were *not* general, technical or scientific facts within the agency's specialized knowledge. In so doing, he made an erroneous interpretation of law. ORS 183.482(8)(a)(B).

Reversed and remanded for reconsideration.