ALVEREZ,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(5-2401-KWF155-1; CA A29919)

696 P2d 547

Susan P. Howard, Salem, argued the cause and filed the briefs for petitioner.

Christine Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner seeks review of a revised order of AFSD. He argues that the findings of fact in the order are not supported by substantial evidence and that they are inadequate as a matter of law to permit judicial review. He also argues that the order fails to meet the requirement that its reasoning support its conclusions. *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975). We remand for reconsideration.

Among others, AFSD made these findings of fact:[1] Petitioner suffers from diabetes, bronchitis, hypertension, hip and back pain and a probable hernia. The diabetes is controlled by medication. Because of the bronchitis, petitioner has decreased lung capacity, coughs a lot and produces a large amount of mucous. The hypertension causes tightness, tenseness and occasional chest pain, which is controlled by medication. The hip and back pain decrease the amount of time that he can stand or walk. He sometimes walks with a cane and must go upstairs slowly. He takes pain pills, which make him drowsy. His doctor believes that the combination of his conditions make him unemployable. AFSD's Medical Review Team disagrees.

The state points to language in the second final order to support its contention that "the agency adequately explained its reasons for concluding petitioner was not unemployable."

"In this case, the doctors have provided specific objective findings about Mr. Alverez's physical condition. In addition, the physicians have offered their opinion as to his employability status. The Hearing Officer, upon reviewing these medical facts and opinions and after careful review of those offered by documents supplied by the Medical Review Team, concludes the following. Although the physicians' physical and medical diagnoses are accepted as fact, the Hearing Officer places greater weight on the opinion of the Medical Review Team's finding on employability. The Hearing Officer

---

[1] AFSD issued two final orders and a reconsideration order. All of them adopted the same legal standards. The hearing officer stated in the second final order that the "record and order [from the first final order] are incorporated into this record." On reconsideration, the hearing officer made several findings of fact and noted expressly that they were "to be added to the Division's Final Order."

holds the Medical Review Team's expertise in matching physical limitations with potential employability is more likely to be accurate. This contention is made by the Hearing Officer because:

"(A) In this particular case, no showing was made that these physicians have specific expertise in the complicated area of job placement.

"(B) The Medical Review Team is comprised of medical professionals who are licensed to practice in the state of Oregon and do in fact have this expertise."

We need not decide whether the quoted language, which the record shows is a boilerplate response prepared by the agency for use by hearing officers,[2] satisfies the substantial reasoning requirement of *Home Plate,* because the reasons and conclusions in the first and second final order are not under review.[3] Petitioner has appealed from the agency's

---

[2] Presumably, the agency provides the hearing officers this form to bolster their reasoning process:

*"FINAL ORDER INSERT*                    *INSTRUCTIONS FOR CPU STAFF:*
"ON DOCTOR'S DIAGNOSIS              Attach Glossary 0061.
                                                        GL "A" & follow prompts.

*"INSTRUCTIONS FOR HEARING OFFICERS:*

"1. Fill in the blanks with claimant's name;
"2. Circle the words 'and psychological' if appropriate;
"3. Cross out the words 'any psychological' if inappropriate; and
"4. Indicate where in the Final Order this paragraph is to be inserted.

"In this case, the doctors have provided specific objective findings about (          ) physical (and psychological) condition. In addition, the physicians have offered their opinion as to (          ) employability status. The Hearing Officer, upon reviewing these medical facts and opinions and after careful review of those offered through documents supplied by the Medical Review Team, concludes the following. Although the physician's physical and medical diagnoses are accepted as fact, the Hearing Officer places greater weight on the opinion of the Medical Review Team's finding on employability. The Hearing Officer holds the Medical Review Team's expertise in matching physical limitations with potential employability is more likely to be accurate. This contention is made by the Hearing Officer because:

"(A) In this particular case, no showing was made that these physicians have specific expertise in the complicated area of job placement.

"(B) The Medical Review Team is comprised of medical professionals who are licensed to practice in the State of Oregon and do in fact have this expertise.

"These medical professionals have reviewed this case and concluded (          ) to be employable based on the available medical evidence. * * *"

[3] The state's brief says: "Each order incorporated the previous one." That is not completely accurate. The second final order expressly incorporated the first final order. The order on reconsideration, from which the judicial review petition was filed,

reconsideration order and, although that order can incorporate findings of fact from previous orders, it does not incorporate the reasons and conclusions from those orders.

■        To allow the agency to diffuse its reasoning process throughout several orders would defeat the purpose of the substantial reasoning rule, which requires "the administrative agency to demonstrate that it has applied criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis * * *." *Home Plate, Inc. v. OLCC, supra,* 20 Or App at 190. Piecemeal reasoning spread out among several orders creates the appearance of *post hoc* rationalization, as is demonstrated by this case. Our review is limited to the reasons and conclusions found in the reconsideration order to determine whether the agency has complied with the substantial reason requirement.

AFSD concluded on reconsideration:

"The medical evidence is not persuasive. A diabetic condition would not prohibit one from maintaining gainful employment, neither would bronchitis. The remaining physical conditions are not well documented. If they were, none of these conditions are suggestive of a condition that would render Mr. Alverez unable to work. The combination of complaints may limit him to certain kinds of employment, but the hearing officer does not believe that Mr. Alverez is unable to work within the meaning of [OAR 461-05-311].

"Our decision in this reconsideration must be made within the meaning of [OAR 461-05-311]. That is, is Mr. Alverez incapable of doing any work. We do not take into consideration such factors as training, location, or availability of work. The sole question is whether he can do any kind of work at any locale.

"Upon reviewing the medical evidence in the record, the hearing officer is not persuaded that Mr. Alverez is not capable of performing any kind of work. Admittedly he is a diabetic and does suffer from chronic bronchitis. Even so, we are not persuaded that he is unable to perform some kind of gainful employment. The OAR is very restrictive. The client must be unable to do any kind of work because of his physical or mental condition. The hearing officer is not persuaded that Mr. Alverez's physical limitations restrict him to this degree."

says only that findings of fact in that order are "to be added to the Division's Final Order." *See* n 1, *supra.*

■ ■    The hearing officer concluded that, although claimant suffers from a variety of medical conditions and his physician considered the combination of those conditions to make him unemployable, claimant is capable of performing some kind of work. Presumably, he relied on the Medical Review Team's conclusion that claimant is employable and, perhaps, on the fact that petitioner fixed and sold a few television sets in March, 1982. However, the hearing officer's "reason" for rejecting claimant's claim is the conclusory statement that the medical evidence is not persuasive, because his condition would not prohibit a person from gainful employment. Whatever the basis of that conclusion, it was not the findings of fact, which reflect only claimant's doctor's opinion that the combination of his conditions render him unemployable and the Medical Review Team's contrary opinion. The hearing officer's conclusions must follow from the facts found, *McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976), *rev den* (1977); *Home Plate, Inc. v. OLCC, supra,* not from specialized knowledge or general awareness of the hearing officer. *Benson v. AFSD,* 69 Or App 185, 684 P2d 624 (1984).

Reversed and remanded for reconsideration.