Argued and submitted February 11, resubmitted In Banc July 10, reversed and remanded for reconsideration August 21, reconsideration denied November 8, 1985, petition for review denied January 22, 1986 (300 Or 477)

BROWN,
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES DIVISION,
*Respondents.*

(5-2501-AH6675-5; CA A32476)

705 P2d 236

Amy Veranth, Portland, argued the cause and filed the briefs for petitioner.

Jeffrey Bennett, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

YOUNG, J.

Gillette, J., concurring.

Warren, J., specially concurring.

## YOUNG, J.

Claimant petitions for review of a final order of the Adult and Family Services Division that terminated his General Assistance (GA) benefits. The issue is whether there is substantial evidence in the record to support the agency action. ORS 183.482(8)(c).[1] We hold that the evidence does not support the termination of claimant's benefits and reverse the order.[2]

■ An individual must be "unemployable" in order to be eligible for benefits. OAR 461-05-311 provides:

"(1) A person is considered unemployable when a short-term diagnosed physical or mental incapacity as certified by a licensed medical professional specified in rule 461-05-315 prevents the person from engaging in any type of gainful employment. The condition must be expected to last for a period of 60 days or more from the date of request * * *.

"(2) A person will not be considered unemployable if there is any work a person can do which will not jeopardize his or her physical or mental condition, regardless of whether work is available and regardless of location. Social factors such as training, education, and place of residence will not be considered."

Claimant began receiving benefits in January, 1982. AFSD determined claimant to be eligible on the basis of an employment evaluation report by Dr. Dixon, claimant's treating psychiatrist, that claimant was unemployable due to chronic depression. Claimant continued to receive benefits for the next 18 months. He periodically submitted new medical reports by Dixon in order to verify his continued mental impairment. In July, 1983, claimant's case was reviewed by an AFSD Medical Review Team, which determined that he continued to be eligible for benefits on the basis of a medical evaluation report from Dixon and a report from Dr. Belleville. Both doctors stated that claimant was unemployable due to chronic anxiety and depression.

---

[1] ORS 183.482(8)(c) provides:

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

[2] This determination makes it unnecessary for us to decide the remaining assignments of error.

On September 13, 1983, AFSD referred claimant to Dr. Eason, a psychiatric resident at the Oregon Health Sciences University Hospital. Eason's report states:

> "[Claimant] appears to be suffering from a major affective disorder that is recurrent and possibly superimposed upon a more lifelong character disorder of avoidant nature. He currently displays marked psycho-motor retardation, and anhendonia, constant fatigue, feelings of self-reproach, and intense, persistent and prominent depression and anxiety."

He concluded that claimant should be certified as unemployable. The MRT reviewed Eason's report and, on October 12, 1983, decided that claimant's GA benefits should be terminated, because:

> "There does not appear to be any evidence of psychotic behavior, or any sufficient specific data to support total unemployability per GA criteria, based on his depression. MRT feels that [claimant] could benefit from therapy and antidepressants, however, this could be managed along with employment."

In making its conclusion, the MRT apparently reviewed only the psychiatric evaluation performed by Eason. The MRT report indicates that the MRT was aided by a psychiatric consultant; however, that consultant was not named. Claimant, representing himself, testified at the hearing as to his mental problems, including depression, anxiety, memory lapses and difficulty with concentration. Claimant's testimony was entirely consistent with the medical opinions of his doctors that he was unemployable.

After the hearing, an additional report from Dr. Bennett, claimant's treating psychiatrist at the time of the hearing, was submitted and was included in the hearings officer's review of the evidence. In Bennett's opinion, claimant had "significant psychiatric problems" that would prevent him from seeking or maintaining employment for at least another six months. The hearings officer concluded that, although the evidence tended to establish that claimant had numerous psychological problems, those problems were not so overwhelming that they would prevent him from engaging in "all types of employment." The hearings officer's conclusion was adopted by AFSD.

■■ The issue is whether the MRT report is "substantial evidence." The report is the *only* evidence in the record which supports the hearings officer's conclusion.[3] Substantial evidence means "any reasonable evidence or such proof as a reasonable mind would employ to support a conclusion." *Cook v. Employment Division,* 47 Or App 437, 441, 614 P2d 1193 (1980). We hold that, in view of the whole record in this case, the MRT report is neither reasonable evidence nor proof which a reasonable mind would use to reach the conclusion that claimant was not entitled to benefits. Although the report indicates that a psychiatric consultant was employed in this case, that consultant was undisclosed, was not cross-examined, did not meet with claimant and, as far as the report indicates, relied entirely on the psychiatric evaluation of Eason.

Reversed and remanded for reconsideration.

**GILLETTE, J.,** concurring.

I join fully in the majority opinion. I write separately only to comment on what I view as the salutary but potentially far-reaching effect our decision today has on the substantial evidence rule of administrative law, as that rule is applied in Oregon.

The Oregon Administrative Procedures Act (APA) provides, in pertinent part:

"The court shall set aside or remand the order [under judicial review] if it finds that the order is not supported by *substantial evidence in the record.*" ORS 183.482(8)(c). (Emphasis supplied.)

The meaning of the emphasized phrase has long been a point of contention for practitioners of administrative law: How much evidence is "substantial" evidence? Is evidence substantial if, viewed in isolation, it is such that a reasonable person might rely upon it? Or must evidence, to be "substantial," retain its probative value when viewed in the light of all the other evidence in a particular record?

Such comments as have appeared in the reports have

---

[3] We have expressed our concern about whether MRT reports are admissible evidence at all in hearings of this nature. *See Kuykendall v. AFSD,* 70 Or App 526, 530 n 2, 690 P2d 517 (1984).

suggested that the first—or, as it is called, the "any evidence" view—is the law of Oregon. In *Von Weidlein/N.W. Bottling v. OLCC,* 16 Or App 81, 101, 514 P2d 560, 515 P2d 936, 517 P2d 295 (1973), *rev den* (1974), we said,

> "[Petitioner maintains that a certain finding of fact is not supported by substantial evidence.] There was a direct conflict in the testimony on this point. * * * *Where there is such a conflict of evidence, there is necessarily substantial evidence to support the commission's finding.*" (Emphasis supplied.)

If a mere conflict made either contention "substantial," one could fairly ask: What would be lost if there were no conflict?

Later, in *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 567, 666 P2d 276 (1983), we explained our willingness to award attorney fees to private parties who succeed in overturning, on grounds of lack of substantial evidence, agency decisions:

> "The second reason for awarding fees in cases of this type is the undemanding nature of the substantial evidence test. In *Cook v. Employment Division,* 47 Or App 437, 614 P2d 1193 (1981), we explained the substantial evidence standard:
>
> '* * * Substantial evidence is *any reasonable evidence* or such proof as a reasonable mind would employ to support a conclusion." ' (Citation omitted.) (Emphasis supplied.) 47 Or App at 441."

Again, we implied—but did not hold—that evidence viewed in isolation could be "substantial."

However, in referring in *Van Gordon* to the "undemanding nature of the substantial evidence test," the key word was "test," not "undemanding." Not all evidence is "substantial"; if it were, no test would be required. It follows that some minimal weighing or balancing is involved in testing evidence for substantiality. Today's opinion makes it clear, I think, that the pertinent methodology is that enunciated by the United States Supreme Court in *Universal Camera Corp. v. National Labor Rel. Bd.,* 340 US 474, 487, 71 S Ct 456, 95 L Ed 2d 456 (1951):

> "Whether or not it was ever permissible for courts to determine the substantiality of evidence * * * merely on the basis of evidence which in and of itself justified it, without taking into account contradictory evidence or evidence from

which conflicting inferences could be drawn, * * * new legislation definitively precludes such a theory of review and bars its practice. *The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.*" (Emphasis supplied.)

This famous statement of Justice Frankfurter's I now understand to reflect not only the way the federal APA and Taft-Hartley Acts are to be read, but the Oregon view of the substantial evidence test, as well. Today's decision is the methodology in action. One need look no further to see all the necessary justification for the *Universal Camera* approach.[1]

I concur.

**WARREN, J.,** specially concurring.

I concur in the result of this case but write separately to emphasize my adherence to what we have said repeatedly in the past: We are not empowered by the APA review statutes to reweigh the evidence in reviewing an agency's findings of fact. I specifically disagree with any implication in Judge Gillette's concurring opinion that evidence on which a factfinder could reasonably base a finding can somehow be rendered "insubstantial" if, in the opinion of the reviewing court, the countervailing evidence in the record is more voluminous or convincing. Insofar as that implication is supported by the language of Judge Gillette's quotations from *Universal Camera Corp. v. National Labor Rel. Bd.*, 340 US 474, 71 S Ct 426, 95 L Ed 456 (1951), *Universal Camera* cannot be imported into the Oregon statutory scheme for judicial review of administrative orders.

Contrary to what Judge Gillette says, it is my understanding that *Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or App 561, 666 P2d 276 (1983), *Cook v. Employment Division*, 47 Or App 437, 614 P2d 1193 (1980), and *Von Weidlein/NW Bottling v. OLCC*, 16 Or App 81, 514 P2d 560, 515 P2d 936, 517 P2d 295 (1973), *rev den* (1974), *do* hold that "substantial evidence" means "any evidence" which may

---

[1]The 1985 Legislative Assembly enacted a law which appears to adopt the *Universal Camera* standard by statute. It amends ORS 183.482(8)(c) and ORS 183.484(4)(c) by adding the following language: "Substantial evidence exists to support a finding of fact when the record, *viewed as a whole,* would permit a reasonable person to make that finding." Or Laws 1985, ch 757, §§ 3, 4.

reasonably support an order. *See also Engman v. AFSD,* 67 Or App 302, 677 P2d 719 (1984).

Even if we were empowered to do so, it is unnecessary to employ the federal standard in this case. The order should be reversed, because it is not supported by "substantial evidence" in the sense that this court historically has applied the test.

The majority opinion states that the MRT report is the only evidence in the record which supports the order and that the MRT "apparently reviewed only the psychiatric evaluation performed by Eason." 75 Or App at 101. Thus, the evidence supporting the order must be found in Eason's report. If that evidence is not such that a reasonable mind would employ to support a conclusion of employability, it is in effect, no evidence of that fact. Eason's report states that claimant is suffering from significant mental and physical disorders and concludes that he should be certified as unemployable. There appears to be nothing in Eason's report which would support a finding of claimant's employability. MRT's conclusion that claimant can work, therefore, lacks a factual foundation. AFSD's order is not supported by substantial evidence, because it is not supported by *any* evidence. It must be reversed.

My opinion that this court should not adopt the federal substantial evidence test is not based on a perception that the "any evidence" test is better, but that, as a matter of policy, a change in the standard of review should be made by the legislature.[1] In *Universal Camera Corp. v. National Labor Rel. Bd., supra,* the statutory language which the court construed specifically referred to "substantial evidence on the record considered as a whole." 340 US at 485. This court has consistently applied the "any evidence" test, and this case does not present a need to depart therefrom.

Rossman, J. joins in this specially concurring opinion.

---

[1]As the concurring opinion of Gillette, J. notes, the 1985 legislature enacted a law that would amend ORS 183.482(8)(c) and 183.484(4)(c) to adopt the language of the federal substantial evidence test.