Argued and submitted January 24, reversed and remanded for reconsideration
June 4, 1986

# HOSS,
*Petitioner,*

*v.*

# ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(5-3501-ZIX159-9; CA A35957)

719 P2d 1316

Lorey H. Freeman, Legal Aid Service, Portland, argued the

cause for petitioner. With her on the brief was Amy Veranth, Portland.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner, an unemployed truck driver, began receiving General Assistance (GA) benefits after he had had lumbar disc surgery in August, 1984. He suffered constant pain, which was relieved somewhat by medication, and depression. In January, 1985, his grant was terminated. The hearings officer determined that petitioner was not eligible for GA because he was employable.

OAR 461-05-311 states:

"(1) An A/R [applicant/recipient] is unemployable when the Division determines that a physical or mental condition, diagnosed by a licensed medical professional * * * prevents the A/R from engaging in any type of gainful employment for a period of 60 days or more from the date of request for GA.

"(2) Social factors such as presence of employment in the area, training, education, and place of residence will not be considered in determining unemployability."

The rule requires expert medical evidence of incapacity. At the hearing, among the exhibits received were the following: a February 8, 1985, letter from petitioner's treating physician stating that he "is totally disabled and physically unable to work for a period of 60 days from this date"; a March 8, 1985, letter from a consulting psychiatrist, stating that petitioner is a "candidate for (AFS) welfare assistance"; and a March 15, 1985, follow-up letter from the psychiatrist concluding that petitioner was not suited for work other than in a sheltered working situation. The only other evidence on the issue of employability was testimony from petitioner and a report from the evaluating nurse for the AFS Medical Review Team, who had never seen or examined petitioner. The hearings officer specifically held that the nurse's notes were not material for determining eligibility under the rule.

The hearings officer seems to have based his decision that petitioner is not unemployable on petitioner's testimony that, for about an hour after taking a codeine preparation, his pain would subside. The officer found that "the medication is effective in reducing the intensity of the pain" and concluded:

"The pain and discomfort that Mr. Hoss is experiencing is not unusual for persons having undergone back surgery. It is expected that during the post operative period, which may last

several months, there will be pain of varying intensity and that the person will find it painful to bend over or sit for long periods of time. Medication has been prescribed to minimize the pain and it is effective in Mr. Hoss' case."

■■ Respondent argues that that finding is substantial evidence that petitioner was employable and that the hearings officer was not bound by the medical opinions which stated that petitioner could not work. Although a hearings officer may not be bound by medical reports, he cannot totally ignore them. The agency, by its rule, has made medical evidence of disability an issue that must be addressed. *See de St. Germaine v. Employment Division,* 74 Or App 484, 491, 703 P2d 986 (1985). Once there is medical evidence in the record, the hearings officer must make findings and reach a reasoned conclusion as to why the evidence meets, or fails to meet, the agency's own standard. A petitioner and the courts cannot be left to speculate about what weight, if any, was given to the reports. *de St. Germaine v. Employment Division, supra.*

■ Petitioner argues, and we agree, that the finding regarding his pain and the conclusion based on that finding do not explain why petitioner is employable. Although there was testimony from petitioner that the medication relieves his pain for a time, there was no testimony that, even with medication, he was sufficiently free of pain to hold a job. No effort was made to determine whether, even with medication, his pain remained intense.[1] The medical evidence is that petitioner suffers from "chronic pain syndrome," and the examining psychiatrist recommended treatment for petitioner at a pain center. The order gives no reason why petitioner's own testimony overcomes the conclusion of the consulting psychiatrist and leads to the conclusion that petitioner is employable.

■ The hearings officer concluded:

"The hearings officer is not persuaded that Mr. Hoss cannot perform nonstrenuous work not requiring heavy lifting, walking long distances, requiring sitting for long stretches

---

[1] As we noted in *Berwick v. AFSD,* 74 Or App 460, 703 P2d 994, *rev den* 300 Or 332 (1985), the responsibilities of the hearings officer include making sure that a claimant is able to present all significant favorable evidence, including following up potentially favorable lines of inquiry. The record here shows no such assistance by the hearings officer on behalf of petitioner. *See* ORS 183.415(10).

of time. Mr. Hoss is physically able to perform security guard work or work in a 'small parts house' where he can sit and stand as needed and is not required to lift heavy objects."

There is no evidence in the record to support that conclusion. To the contrary, a March 21, 1985, letter from petitioner's vocational rehabilitation counselor states that he is "too disabled to participate in even a sheltered workshop's evaluation at this time." A hearings officer may use experience and expertise to evaluate evidence but cannot substitute "general awareness" for evidence in the record. *Benson v. AFSD,* 69 Or App 185, 191, 684 P2d 624 (1984).

Reversed and remanded for reconsideration.[2]

---

[2] Because of our disposition, we do not reach petitioner's final assignment of error.