Argued and submitted July 31, reversed and remanded for reconsideration December 6, 1989

MATNEY,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(5-1001-BC4413-3; CA A50406)

783 P2d 528

Suanne Lovendahl, Oregon Legal Services Corporation, Roseburg, argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner seeks review of an order of the Adult and Family Services Division (AFSD) that determined that he is employable and terminated his general assistance (GA) grant. We conclude that the order is not supported by substantial evidence and remand for reconsideration.[1]

Petitioner is in his late twenties and has a high school education. He was severely injured in an accident in 1980. He has since suffered a chronic low back pain syndrome, which also involves pain and twitching in his right calf and pain and numbness in his right foot and buttock. During the first six years after the injury, he worked at a series of jobs as an unskilled laborer. His average length of employment was six months. He would work until the pain became unbearable, and then he either quit or was discharged for his inability to come to work.

In 1986, petitioner worked in a feed store, where he regularly lifted up to 130 pounds. That aggravated his back pain and caused pain and twitching in his leg and calf. After four months, his physical condition forced him to quit, but the twitching worsened, and he began to experience numbness and dysesthesia from his right thigh to his foot. He then attempted to work at a gas station, but, after five weeks, the pain in his back and right calf became so excruciating that, in order to go to work, he had to stay in bed during most of his off-hours to rest his back and leg. When he quit that job, he could only walk short distances without crutches, and he could not alternate sitting and standing for more than two hours without experiencing severe pain. Only lying flat would relieve his pain.

Petitioner was approved for GA in November, 1987. Medical reports made after approval do not indicate a marked improvement in his condition. An evaluation done by the Western Pain Center, however, described petitioner's condition as medically stationary and indicated that he could sit, stand and walk continuously for an eight-hour work day. On the basis of that evaluation, AFSD terminated GA.

---

[1] Because of this disposition, we do not reach petitioner's other assignments of error.

At the hearing, petitioner testified that he spends an average of twelve to fourteen hours a day lying down to relieve the pain in his back. He also testified that, if he is not reclining, he tries to keep mobile, because sitting for more than 15 to 20 minutes increases his pain. However, he also testified that standing and walking increases the twitching in his calf. He testified that he had recently worked a full week at his father's store, where he could sit, stand, walk and lie down at will. He stated that his father estimated his functioning went from 90 percent to 30 percent of capacity by the end of the week. He testified that he worked for four hours the Sunday before the hearing. During that time, he was up and down frequently and still had to take breaks to lie down.

One witness testified for petitioner. She claimed that she usually spends several hours at a time with him. She said that he cannot sit longer than 15 minutes before he has to stand and walk. She testified that, if they went anywhere for more than four or five hours, he had to lie down and that he cannot stand long enough to do dishes or shave. She thought that he has worsened in the last eight to ten months.

GA unemployability criteria are in OAR 461-05-313. The only criterion under which petitioner could be eligible is OAR 461-05-313(3)(a)(B):

> "A client is deemed unemployable when the Division determines that the client has, and will continue to have, even with generally accepted and appropriate medical treatment for at least 60 days from the date of request for GA:
>
> "(a) A diagnosed physical condition such that the client cannot perform or would experience severe palpitation, pain, fatigue, nausea with vomiting or difficulty breathing by performing one or more of the following activities:
>
> "* * * * *
>
> "(B) Sit, stand or alternate sitting and standing, for at least 4 hours per work day * * *."

Petitioner argues that, under ORS 183.482(8)(c), we must remand the order, because the hearings officer's factual finding that he could alternate sitting and standing for at least four hours per work day is not based on substantial evidence on the record. He also contends that the hearings officer's conclusion that he is employable is also not supported by substantial evidence.

■ We review for substantial evidence in the record.[2] ORS 183.482(8)(c). Substantial evidence means any evidence that a reasonable person would use to reach the same conclusion. *Younger v. City of Portland,* 305 Or 346, 752 P2d 262 (1988).

■ The hearings officer concluded that petitioner and his witness were credible and that their testimony described a severe impairment. He also found that petitioner's testimony was more accurate than the pain center's evaluation. That conclusion was based on the fact that the pain center's medical director made contradictory findings regarding how long petitioner could continuously sit. The hearings officer concluded that the director had mistakenly checked the wrong box on the evaluation sheet and that that error led the pain center's vocational expert to give an inaccurate assessment. He, therefore, discounted the entire report, which was AFSD's only evidence to support termination of GA. AFSD admitted that the other medical evidence showed no improvement in petitioner's condition, so the order could only be supported by the evidence offered by petitioner himself.

The hearings officer concluded that petitioner does not meet the eligibility criterion. He reached that conclusion because of petitioner's testimony, which was supported by his witness' testimony, that he probably could work for one or two weeks for eight hours a day, but he would need to lie down after alternating sitting and standing for four to six hours. However, the hearings officer viewed that testimony in isolation and did not consider other contrary testimony by petitioner and his witness. For example, in response to a question about whether the witness' testimony that he often needed to lie down after four or five hours of sitting or standing was correct, petitioner stated that she was correct but that, sometimes, he had to lie down after only a couple of hours. He said that it would depend on how well he was feeling on a particular day. The hearings officer also ignored the testimony that, on the previous Sunday, while working from 1 p.m. to 5 p.m., he

---

[2] The record includes medical examinations by a neurologist and two general internists spanning the period before petitioner applied for GA and during the time when he was receiving GA. The eligibility and payment records by AFSD are also in the record together with the evaluation reports done by Western Pain Center, letters submitted by various friends, acquaintances and an ex-employer, a newspaper article about researchers' gains in studying nerve disease and a transcript of the hearing.

had had to go to his trailer to lie down. He also testified that it seemed to take less and less effort before his pain would become unbearable. Even in the testimony on which the termination decision rested, after petitioner testified that he probably could work one or two weeks at an eight hour job, he added that he probably would need bed rest during every nonworking hour and eventually would be down totally, unable to do anything.

It was unreasonable for the hearings officer to rely solely on one statement of petitioner while ignoring other statements that he made to the contrary. *Younger v. City of Portland, supra; see Brown v. AFSD,* 75 Or App 98, 102, 705 P2d 236 (1985). This case is similar to *Hoss v. AFSD,* 79 Or App 640, 719 P2d 1316 (1986), where the petitioner testified that his back pain would subside for half an hour after he took medication. On that evidence alone, the hearings officer determined that he was not unemployable. We decided there that the order was not supported by substantial evidence, because there was no evidence that the petitioner could hold a job while taking the medication nor about whether his pain was intense even while in subsidence. The record here shows nothing other than the hearings officer's interpretation of petitioner's statement to support his conclusion. In fact, the only other evidence that he did not discount is the medical reports, showing no change in petitioner's condition, and the personal letters submitted by petitioner. They suggest a different conclusion.

Reversed and remanded for reconsideration.