Argued and submitted February 12, remanded for reconsideration March 23, 1988

In the Matter of the Compensation of
Robert D. Armstrong, Claimant.

ARMSTRONG,
*Petitioner,*

*v.*

ASTEN-HILL COMPANY et al,
*Respondents.*

(WCB No. 86-02776; CA A45124)

752 P2d 312

Brian R. Whitehead, Salem, argued the cause and filed the brief for petitioner.

Paul L. Roess, Portland, argued the cause for respondents. With him on the brief was Acker, Underwood & Smith, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The petition for judicial review in this workers' compensation case was filed on July 27, 1987. HB 2900 was approved by the Governor on July 20, 1987, and filed in the office of the Secretary of State on July 21, 1987. It became Oregon Laws 1987, chapter 884. Section 12a amended ORS 656.298(6) by eliminating the language imposing on this court an obligation to conduct *de novo* review in workers' compensation cases and by providing, instead: "Review shall be as provided in ORS 183.482(7) and (8)."[1] Section 12b provides: "The amendments * * * by section 12a * * * do not apply to appeals [*sic*] of which the Court of Appeals acquired jurisdiction before the effective date of this Act." Section 63(1) provides: "Sections 1, 3 to 40 and 42 to 46 of this Act first become operative January 1, 1988." Section 64 provides: "This Act being necessary for the immediate preservation of the public peace, health and safety, an emergency is declared to exist, and this Act takes effect on its passage."[2]

---

[1] The sections of the Administrative Procedures Act to which the 1987 amendment refers provide:

"(7) Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them. The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.

"(8)(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

[2] Because this is the first workers' compensation case in which the petition for

■  The language of section 64 is commonly known as an "emergency clause." Article IV, section 28, of the Oregon Constitution provides: "No act shall take effect, until ninety days from the end of the session at which the same shall have been passed, except in case of emergency; which emergency shall be declared in the preamble, or in the body of the law." The "effective date" of an act containing a declaration of an emergency is the date when it is signed by the Governor. *Bennett Trust Co. v. Sengstacken,* 58 Or 333, 343-344, 113 P 863 (1911); *see also State ex rel. Thomas v. Hoss,* 143 Or 41, 47, 21 P2d 234 (1933). Therefore, the effective date of the act was July 20, 1987. This court acquired jurisdiction by the filing of the petition for judicial review after that date. ORS 656.298(3); ORS 19.033(1). Therefore, the exception in section 12b is inapplicable in this case.

By legislative direction the provision changing the scope of review "first bec[a]me operative January 1, 1988." We need not discuss what might have been the scope of review of a petition for judicial review filed after July 20 and submitted for decision by this court before January 1, 1988. No such case happened. Although petitioner argues strenuously in his memorandum that the statute is ambiguous when applied to this case, that is just not so. The language of the statute unambiguously expresses the intent of the legislature that this court exercise only the scope of review described in section 12a of the 1987 Act after January 1, 1988, in a case as to which it obtained jurisdiction after July 20, 1987. There is, therefore, no need to resort to canons of statutory construction or to legislative history (none of which has been cited to us or found) to determine the intent of the legislature. *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981). Because "[t]he words used speak for themselves," *Berry Transport, Inc. v. Heltzel,* 202 Or 161, 167, 272 P2d 965 (1954), we need only look to the plain meaning of the statute to determine whether the substantial evidence review standard applies. It applies in this case.

■  Petitioner also argues that the former *de novo* review

---

judicial review was filed after July 20, 1987, we requested the parties to submit memoranda concerning the scope of review. Those memoranda were carefully and conscientiously prepared and have been of substantial assistance.

is a substantive right which is subject to ORS 656.202(2), which provides:

> "Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred."[3]

That statute applies only to substantive rights to compensation, not to the procedure for applying those rights. *Johnson v. SAIF,* 78 Or App 143, 714 P2d 1098, *rev den* 301 Or 240 (1986). The scope of review has nothing to do with entitlement to "payment of benefits * * * as authorized, and in the amounts provided for, by the law in force at the time [of] the injury * * *."

Implicit in petitioner's argument is that this problem must be analyzed as involving retrospective application of a new statute that affects legal rights and obligations arising out of past actions. *See Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972); *Wick v. SAIF,* 37 Or App 285, 587 P2d 477 (1978). The adjudication of rights and liabilities is, in the absence of an express contrary legislative direction, to be accomplished under the statutes in effect at the time of the adjudication. *Holmes v. SAIF,* 38 Or App 145, 589 P2d 1151 (1979).

In *Wick v. SAIF, supra,* we noted that a 1977 amendment to the Workers' Compensation Law shifting review from the circuit court to the Court of Appeals did not change the rights and obligations of the parties. 37 Or App at 290 n 5. We contrasted that procedural change with another change in 1977 making the disputable fireman's presumption of work-relatedness conclusive. We said that the latter change would impose liability where it had not existed previously because of the greater evidentiary burden placed on employers. The change from *de novo* review to substantial evidence review places no greater evidentiary burden on claimants or on

---

[3] Section 62(1) of the 1987 Act provides, in part:

"Notwithstanding ORS 656.202, amendments by this Act to * * * ORS 656.298 * * * become operative January 1, 1988."

The apparent purpose of that provision is to avoid the possible application of ORS 656.202 to cases subject to the 1987 Act's amendments.

employers. The change in the scope of review does not affect any party's substantive rights.

We hold that the scope of review in this and all workers' compensation cases in which petitions for review are filed in the Court of Appeals after July 20, 1987, is that described in section 12a.

■ Neither ORS 183.482(7) nor ORS 183.482(8) describes what a final order in a contested case must contain. ORS 183.470(2) provides:

> "A final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

Although the 1987 amendments to the Workers' Compensation Law do not specifically refer to that statute, we hold that it applies in substance to Board orders, because it states requirements which are necessary for effective judicial review.

■ ORS 183.482(8)(c) requires us to set aside or remand a final order which is not supported by substantial evidence in the record. In order for us to conduct that kind of review, we must be able to know what the Board found as fact and why it believes that its findings led to the conclusions that it reached.[4] That requires a reasoned opinion based on explicit findings of fact. As we said in *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975):

> "If there is to be any meaningful judicial scrutiny of the activities of an administrative agency—not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an *ad hoc* basis—we must require that its orders clearly and precisely state what it found to be the facts

---

[4] Nothing in this opinion should be taken as determining that the Board must, in every instance, write its own findings of fact and conclusions in its order on *de novo* review of the decision of a referee. ORS 656.295(6). It may adopt the opinion and order of a referee in whole or in part; it may write its own order in whole or in part. Its obligation is to provide for our review a final order satisfying the import of ORS 183.470(2).

and fully explain why those facts lead it to the decision [which] it makes."

Thus, substantial evidence review necessarily requires findings like those that ORS 183.470(2) explicitly requires. The requirement of findings leads to a requirement that the agency state its reasoning. *See Springfield Education Assn. v. School Dist.*, 290 Or 217, 227, 621 P2d 547 (1980).[5]

ORS 183.482(8)(c) states: "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." We have never decided the meaning of that language. However, in *Brown v. AFSD,* 75 Or App 98, 705 P2d 236 (1985), *rev den* 300 Or 477 (1986), where the issue was whether the "any evidence rule" applied under an earlier version of ORS 183.482(8)(c), which did not contain that definition, *dicta* in all of the opinions recognized that the statute as now written incorporates what has been referred to as the "federal" substantial evidence test. That test, enunciated in *Universal Camera Corp. v. NLRB,* 340 US 474, 487, 71 S Ct 456, 95 L Ed 456 (1951), requires us to look at the whole record with respect to the issue being decided, rather than at one piece of evidence in isolation. If an agency's finding is reasonable, keeping in mind the evidence against the finding as well as the evidence supporting it, there is substantial evidence. That is not what has been referred to as the "any evidence" rule, *see* 75 Or App at 105 (Warren, J., concurring), but it is also *not de novo* review. For instance, and in a context which is likely frequently to occur in workers' compensation cases, if there are doctors on both sides of a medical issue, whichever way the Board finds the facts will probably have substantial evidentiary support. We would not need to choose sides. The difference between the "any evidence" rule and the substantial evidence test in ORS 183.482(8)(c) will be decisive only when the credible evidence apparently weighs overwhelmingly in favor of one finding and the Board finds the other without giving a persuasive explanation.

■ We turn now to the Board order in this case. Claimant, a former worker in a textile factory, filed an occupational

---

[5] We note that the Workers' Compensation Law already requires that Board orders meet procedural requirements similar to those stated in the APA. ORS 656.289; ORS 656.295.

disease claim, asserting that dusty conditions in the mill constitute the major contributing cause of his chronic rhinitis. Employer denied the claim. The referee set aside the denial.[6] On *de novo* review the Board reversed by a detailed opinion, culminating in a conclusion that the disease is not compensable.

The order does not satisfy the standards we have described. It is for the most part merely a recitation of evidence, followed by a bare conclusion. It lacks an ordered set of findings of fact and is devoid of any explanation of why facts supported by evidence lead to its conclusion. Therefore, it is inadequate for judicial review.

Remanded for reconsideration.

---

[6] Although the referee's opinion and order is not subject to our review, we note that she attempted to identify and state separately the issue, her findings of fact and her conclusions and the reasons therefor.