Argued and submitted May 16, reversed in part and remanded to determine extent of disability; otherwise affirmed September 7, 1988

In the Matter of the Compensation of
Ernest E. Thompson, Claimant.

## THOMPSON,
*Petitioner,*

*v.*

## WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 85-07828; CA A44762)

761 P2d 2

Michael R. Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Paul L. Roess, Portland, argued the cause for respondent. With him on the brief was Acker, Underwood & Smith, Portland.

Before Warden, Presiding Judge, and Graber, Judge, and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

**RIGGS, J.** pro tempore.

The issue in this workers' compensation case is the extent of claimant's left shoulder disability. The referee concluded that claimant had failed to prove that his Weyerhaeuser employment had caused his present shoulder disability, because "his subsequent employment [with a different employer] contributed independently to his present shoulder condition."[1] The Board affirmed the referee's order. On reconsideration, the Board explained that it had not affirmed on the basis of responsibility, but on the basis that claimant had failed to prove that there was "a material causal connection between his shoulder disability and his compensable injury." We review *de novo*[2] and reverse in part.[3]

Claimant sustained injuries to his left shoulder, low back and left knee in April, 1980, while working for Weyerhaeuser. Those injuries were expressly accepted as compensable.[4] In early May, 1980, he saw Dr. Freudenberg, an orthopedist, complaining of pain in the left shoulder, especially in the anterior aspect. Freudenberg diagnosed bicipital tendinitis. He continued to treat claimant for his knee injury, but made no mention of the shoulder injury after a chart note dated May 19.

Claimant later saw Dr. Matteri, another orthopedist, and Dr. Bert, also an orthopedist, for knee and back problems. No mention was made of the left shoulder in the medical notes until May 22, 1984, when Matteri noted that claimant had complained about pain around the medial aspect of the scapula and tingling in two fingers. Matteri administered a

---

[1] The parties argue about the applicability of *Runft v. SAIF*, 303 Or 493, 739 P2d 12 (1987), which was decided almost a year after the referee rendered his opinion and order in this case. In *Runft*, the court held that an employer's failure to involve a later employer prevents the former employer from using the last injurious exposure rule to avoid responsibility for a compensable injury. 303 Or at 504. Here, however, the issue is the extent of an accepted claim, rather than responsibility. Presumably for that reason, neither claimant nor Weyerhaeuser joined a later employer to the proceedings. *Runft* is simply inapposite.

[2] The petition for review in this case was filed on June 29, 1987. *See Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).

[3] The Board also affirmed the referee's award of 15 percent unscheduled low back disability. We affirm that portion of the order without discussion.

[4] Due to a series of events not relevant to our decision, the hearing concerning the extent of claimant's shoulder disability did not take place until February, 1986.

steroid on that date. His notes say that the shoulder problem "dates back to [claimant's] 1980 accident."

Claimant next sought treatment for his shoulder on October 23 and November 12, 1984, from Dr. Hearne, an internist. His chart notes indicate that claimant injured the shoulder in an industrial accident in April, 1984, and that later he had been seen by an orthopedist in Eugene. He diagnosed "[l]eft trapezius muscle pain, etiology unclear." He saw claimant again on August 20, 1985, when claimant was experiencing "left paracervical pain with radiation to the shoulder." He referred claimant to Dr. Bernstein, a neurologist, for further evaluation, noting that the symptoms were "suggestive of nerve root damage."[5]

In a letter to Hearne dated August 26, Bernstein noted that claimant's history was "complex," but cited only the April, 1980, injury. He diagnosed "[p]robable shoulder strain with a 'functional' thoracic outlet syndrome." Claimant saw Bernstein two more times in 1985. Bernstein testified by deposition that he believes that there is a causal connection between the 1980 injury and claimant's present shoulder problems. He also answered "yes," in writing, to the question whether claimant's physical limitations in 1986, including limitations on the use of his arms, were a result of the 1980 low back and shoulder injury to claimant.

As noted, the Board found that claimant had failed to prove that his compensable injury at Weyerhaeuser caused his present shoulder disability. Employer argues that later work exposures are the cause. Although the question is close, we disagree with the Board and with employer[6] and find that

---

[5] Hearne later wrote that he could not remember the specifics of claimant's case and that the 1984 date in his chart notes may be a typographical error. He then suggested that Bernstein's records would likely be more accurate than his, because Bernstein performed a more comprehensive evaluation. Claimant testified that he was not employed in April and May, 1984. The referee expressly found that claimant was not injured in 1984, the Board affirmed, and we agree. We find that "1984" was a typographical error for "1980" in Hearne's chart.

[6] The time of events does not support employer as nicely as its argument would suggest. Claimant worked as a roustabout for a few months in late 1983; he reported no shoulder problems related to that work. His visit to Matteri, in which he complained of "some trouble with his left shoulder," came over six months after the end of the "roustabout" work. Claimant's work welding tailgates did not begin until several weeks *after* the complaint to Matteri. Thus, neither exposure excludes the 1980 injury as a material contributing cause of claimant's present shoulder disability.

claimant's 1980 injury is a material contributing cause of his present shoulder disability. ORS 656.214(5); *Destael v. Nicolai Co.,* 80 Or App 596, 600, 723 P2d 348 (1986).

Reversed in part and remanded to determine the extent of disability; otherwise affirmed.