Argued and submitted April 4, reversed and remanded for reconsideration
October 19, 1988

In the Matter of the Compensation of
Alvin L. Dick, Claimant.

DICK,
*Petitioner,*

*v.*

SPAUR et al,
*Respondents.*

(WCB 85-13494; CA A45720)

762 P2d 1045

Linda C. Love, Portland, argued the cause for petitioner. With her on the brief was Francesconi & Associates, P.C., Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming, without discussion, the order of the referee, which denied an increase in the award of permanent disability. We reverse and remand.

In August, 1984, claimant simultaneously suffered a myocardial infarction and a left shoulder injury while operating a front-end loader at work. He filed claims for both conditions, which were denied by SAIF, employer's insurance carrier. Compensability of the myocardial infarction was resolved by a settlement, and the shoulder injury claim was litigated at a hearing. The referee concluded that the shoulder injury was separately compensable and reversed SAIF's denial. SAIF did not appeal. The resulting determination order awarded claimant permanent partial disability.

Claimant appealed the determination order, seeking permanent total disability or an increase in the permanent partial disability award for his shoulder. The referee affirmed the determination order. He found that claimant's left shoulder symptoms were related to the myocardial infarction and not to any traumatic incident. Consequently, he concluded that the settlement encompassed the shoulder condition as well as the heart condition.

SAIF concedes, and we agree, that the final order of the first referee determined that the shoulder injury was separately compensable and that that determination is effectively the law of the case. The referee and the Board erred in reconsidering the compensability of the shoulder condition.

Claimant suggests that we can determine the extent of his disability. Our review is not *de novo*. ORS 183.482; *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988).

Reversed and remanded for reconsideration.