Argued and submitted July 27, 1988, affirmed February 22, 1989

In the Matter of the Compensation of
Maria N. Flores, Claimant.
FLORES,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB Nos. 86-11534 and 85-05626; CA A46093)

769 P2d 207

Nelson R. Hall, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Physicians & Surgeons Hospital. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

Marianne Bottini, Portland, argued the cause for

respondent Mission Insurance Company. With her on the brief was Bottini, Bottini & Lehner, Portland.

Before Warden, Presiding Judge pro tempore, and Joseph, Chief Judge, and Edmonds, Judge.*

JOSEPH, C. J.

---

* Edmonds, J., *vice* Van Hoomissen, J.

**JOSEPH, C. J.**

Claimant seeks review of a Workers' Compensation Board order that reversed the referee and reinstated the denial of responsibility by Mission Insurance Company (Mission). We affirm.

Claimant first sustained a head injury in July, 1981, while working for employer, which was then insured by Mission. She sought treatment from Dr. Yand, her family physician, for headaches and visual abnormalities. He diagnosed a scalp hematoma, a mild cerebral concussion and a small skull fracture. Claimant returned to work in November, 1981, even though she was still experiencing mild nausea and headaches. A determination order awarded her temporary total disability.

In September, 1982, employer changed to coverage by SAIF. Claimant injured her head at work again in May, 1982, in August or October, 1983, and in March, 1984. She asserts that she filled out claim forms for each injury but that they were never processed. In June, 1984, she received another head injury at work. She was seen by Yand, who diagnosed a hematoma and released her for regular work. Shortly thereafter, she was seen by Dr. Raaf, a neurosurgeon, who determined that her headaches were the result of an "anxiety tension state" and were not related to her 1981 injury. In September, 1984, Dr. Aversano agreed with Raaf that no further medical treatment, other than psychiatric, was necessary. SAIF issued a notice of closure in October, 1984, accepting claimant's injury as nondisabling and awarding no compensation. Claimant began seeing Dr. Rosenbaum in December, 1984.

In March, 1985, Mission denied responsibility for claimant's treatment by Rosenbaum on the basis that it was not related to her 1981 injury. Claimant appealed the denial and requested an order joining SAIF as a party and an order designating a paying agent. ORS 656.307. Although SAIF was joined, a .307 order never issued. In August, 1986, SAIF denied the aggravation claim for the June, 1984, injury on the ground that claimant's medical problems were consequences of the 1981 injury. The referee upheld SAIF's denial and set aside Mission's.

■■ Judicial review is limited to errors of law and to

whether there is substantial evidence in the record as a whole to support the Board's decision. ORS 656.298(6); *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 206, 752 P2d 312 (1988). A Board decision must contain findings sufficient to support its conclusions. *Johnston v. James River Corporation,* 91 Or App 721, 722, 756 P2d 696 (1988). The Board's findings are sufficient for review. There is substantial evidence to support the Board's finding that claimant's present need for medical treatment is not related to either her 1981 injury, covered by Mission, or to her 1984 compensable injury. There is also substantial evidence to support its finding that claimant had failed to establish an aggravation of the 1984 injury that SAIF had accepted.

Affirmed.