Argued and submitted March 10, reversed and remanded for reconsideration July 12, reconsideration denied September 15, petition for review denied October 26, 1989
(308 Or 465)

In the Matter of the Compensation of
David S. Zimmerman, Claimant.

AGRIPAC, INC., et al,
*Petitioners,*

*v.*

ZIMMERMAN,
*Respondent.*

(86-15055; CA A49347)

776 P2d 590

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Riggs, J., dissenting.

## EDMONDS, J.

Employer seeks review of an order of the Workers' Compensation Board that reversed the referee and set aside its denial of compensability. We review for substantial evidence and errors of law. ORS 656.298(6); *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 206, 752 P2d 312 (1988).

Claimant injured his left knee in October, 1986, when he jumped approximately five feet to the ground from a loading dock of employer. The injury occurred as claimant was leaving work to go home after completing his shift. He jumped from the dock rather than use a nearby flight of stairs. The issue is whether his injury is compensable.

To be compensable, an injury must arise out of and in the course of employment. *Former* ORS 656.005(8)(a).[1] "If the injury has sufficient work relationship, then it arises out of and in the course of employment * * *." *Rogers v. SAIF,* 289 Or 633, 643, 616 P2d 485 (1980). An on-premises injury has sufficient work relationship if it occurs while the employe is leaving work, unless the employe was engaged in conduct not expressly or impliedly allowed by the employer. *Clark v. U.S. Plywood,* 288 Or 255, 260-61, 266-67, 605 P2d 265 (1980); *see*

---

[1] Because claimant's injury occurred in October, 1986, *former* ORS 656.005(8)(a) is applicable, rather than ORS 656.005(7)(a), which was not in force in its current form until 1987. *See* ORS 656.202(2).

*Former* ORS 656.005(8)(a) provided:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means. However, 'compensable injury' does not include injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties."

ORS 656.005(7)(a) currently provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means. However, 'compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties; or

"(B) Injury incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities solely for the worker's personal pleasure."

*also Bailey v. Peter Kiewit and Sons,* 51 Or App 407, 410-11, 626 P2d 3 (1981).

The Board concluded that *Clark v. U.S. Plywood, supra,* does not apply to an employe who is engaged in "going and coming activities." *Clark* is not so limited.[2] The Board made an error of law in failing to apply *Clark.*

Because the Board did not apply the standard contained in *Clark,* it also did not make all of the necessary findings. Claimant's on-premises injury occurred as he was leaving work. Therefore, whether his injury is compensable turns on whether employer expressly or impliedly allowed him to jump from the dock. The Board made no finding on that question.[3]

Reversed and remanded for reconsideration.

**RIGGS, J.,** dissenting.

Under *Clark v. U.S. Plywood,* 288 Or 255, 266-67, 605 P2d 265 (1980), claimant's injury was compensable if his conduct was expressly or impliedly allowed by employer. "For example, where an employer acquiesces in a course of on-premises conduct, compensation is payable for injuries which might be sustained from that activity." 288 Or at 267.

The Board found that "employer had never instructed claimant not to jump from the dock and claimant had done so on several occasions in the presence of supervisory personnel without reprimand." That finding of employer's acquiescence in claimant's conduct is sufficient to

---

[2] The express or implied allowance test applies to

"[on-premises i]njuries sustained while engaged in * * * incidental activities not directly involved with the performance of the appointed task, such as preparing for work, going to or from the area of work, eating, rest periods, going to the bathroom, or getting fresh air or a drink of water." *Clark v. U.S. Plywood, supra,* 288 Or at 260.

[3] The only findings of fact that the Board made relating to the issue are these:

"The employer had never instructed claimant not to jump from the dock and claimant had done so on several occasions in the presence of supervisory personnel without reprimand. An employee manual issued by the employer and read by claimant prior to the date of the injury prohibited 'unsafe acts' on the employer's premises. The manual, however, did not expressly designate jumping from a loading dock as an 'unsafe act.' "

support compensation under *Clark*. Because the finding is supported by substantial evidence, I would affirm.

I dissent.