Argued and submitted November 17, 1991, reversed and remanded for reconsideration June 24, 1992

In the Matter of the Compensation of
Robert Hughes, Claimant.
ELECTRIC MUTUAL
LIABILITY INSURANCE CO.
and Portland Auto Auction,
*Petitioners,*

*v.*

AUTOMAX,
SAIF Corporation and Robert Hughes,
*Respondents.*

(WCB 90-00535; CA A69633)

833 P2d 334

Bruce L. Byerly, Portland, argued the cause for petitioners. With him on the brief was Cooney, Moscato & Crew, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents Automax and SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Nelson R. Hall and Pozzi, Wilson, Atchison, O'Leary & Conboy, waived appearance for respondent Robert Hughes.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

.

## RIGGS, J.

Petitioners[1] seek review of a Workers' Compensation Board (Board) order that assigned full responsibility for claimant's claim to them. We review for errors of law and substantial evidence, ORS 183.482(7), (8), and reverse and remand.

Claimant worked as an auto detailer for petitioner Portland Auto Auction (Portland) and respondent Automax from sometime in 1987 through June, 1989. On November 11 and 12, 1988, while working for Portland, claimant worked 37 1/2 hours buffing cars. The next day, he went to the hospital complaining of severe right shoulder and arm pain and was diagnosed as having acute right shoulder and arm strain. In December, 1988, he filed a workers' compensation claim with Portland. In an unqualified letter of acceptance dated January 25, 1989, Portland accepted the claim.

Claimant continued to work alternatively for Portland and Automax through June 19, 1989, when he quit working altogether because of pain in his right *and left* shoulders and arms. He was referred to a neurologist, who diagnosed bilateral carpal tunnel syndrome (CTS). A week later, the neurologist requested authorization from Portland to perform bilateral carpal tunnel surgery. Portland treated that request as one to reopen the accepted claim. It denied responsibility for claimant's bilateral CTS, denied authorization for the surgery and suggested that claimant file a new injury claim with Automax, which he did. Automax also denied responsibility for the claim. Claimant appealed both denials.

The referee found that claimant's work for both Portland and Automax could have caused his bilateral CTS, applied the last injurious exposure rule and assigned full responsibility to Automax. Automax sought review of that order by the Board. On review, the Board found that Portland had accepted responsibility for claimant's bilateral CTS when it accepted his 1988 claim for right shoulder and arm strain.

---

[1] Petitioners are Portland Auto Auction, its workers' compensation insurer and its claims administrator. Respondents are Automax, its workers' compensation insurer and claimant.

The Board reversed the referee's order and assigned full responsibility to Portland, which seeks review.

The Board's conclusion that Portland accepted claimant's bilateral CTS when it accepted his claim for right shoulder and arm strain is not supported by findings in the record. The Board did not make any finding regarding whether claimant's accepted right shoulder and arm strain was a symptom of, or caused his CTS. That finding is necessary to determine the scope of acceptance. Without it, the Board's conclusion does not rationally follow from its findings. *See Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). On remand, the Board should make findings whether Portland's acceptance included CTS and, if it did, whether it included *bilateral* CTS.[2]

Reversed and remanded for reconsideration.

---

[2] Because that determination may affect responsibility, we need not now address the arguments regarding the Board's application of the last injurious exposure rule.