Argued and submitted May 15, 1992, affirmed February 3, 1993

In the Matter of the Compensation of
Carole J. Damm, Claimant.

Carole J. DAMM,
*Petitioner,*

*v.*

WASHINGTON COUNTY SCHOOL
DISTRICT NO. 7
and Liberty Northwest Insurance Corporation,
*Respondents.*

(88-05479, 90-13344; CA A71603 (Control), A71916)

846 P2d 425

Darrell E. Bewley, Salem, argued the cause for petitioner. With him on the brief was Richard F. McGinty, Salem.

Alexander D. Libmann, Trial Counsel, Liberty Northwest Insurance Corporation, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

■■    Claimant seeks review of two Workers' Compensation Board orders determining that neither her back condition nor mental depression is compensable. The two orders are consolidated for review. Initially, the Board found that claimant's work was a material contributing cause of her back condition. We remanded for reconsideration in light of our decision in *Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 812 P2d 844, *rev den* 312 Or 150 (1991). *Liberty Northwest Ins. Corp. v. Damm*, 107 Or App 764, 812 P2d 854 (1991). On remand, the Board found that claimant's work was not the major contributing cause of her back condition. Claimant subsequently brought a claim for depression that she claimed resulted from her back problems. The Board concluded that the depression was not compensable, because the back condition was not compensable. We affirm the orders.

Claimant has been a school bus driver for 21 years. In February, 1988, she experienced numbness in her left leg while driving a bus. Forty-five minutes later, she stopped the bus and got up to move around. Her left foot remained numb and she noticed lower-back pain. She had experienced similar symptoms in the past but never of such duration or intensity.

On her way home from work, she visited Dr. Kim, an internist, who referred her to Dr. Peterson. Peterson advised employer's insurer:

> "I feel the patient's leg complaints are due to sciatica, that is mild nerve root compression starting in the back, caused by her degenerative changes.

> "I do not think that the patient's osteoporosis is contributing to her back problem. I think the major contributing cause of the development of her degenerative disk disease is a combination of her industrial exposure and predisposition to degenerative changes. The percentage of contribution of each cannot be determined. I do not think osteoporosis has anything to do with her current pain complaints. I do think [claimant's] driving did cause material worsening of the underlying condition."

Independent medical examiners found that claimant's lower back problems arose primarily from natural processes but could not state that work had not contributed to

her degenerative condition. They found that claimant's age and obesity were also factors and that driving the school bus had aggravated the condition, but they could not specify the extent of that contribution.

The Board found that claimant's work exposure was not the major contributing cause of her back condition. Claimant contends that the Board misinterpreted Peterson's report. Although Peterson initially opined that the disc disease was caused in major part by a *combination* of work exposure and her predisposition to degenerative changes, he said that he could not determine the percentage of contribution of each source to the disc disease. He also stated that her driving caused a "material worsening of her underlying condition." Even if the latter statement is construed as a comment on the extent of the worsening and not its cause, Peterson's inability to determine the extent to which work exposure contributed to the condition justifies the conclusion that the report did not establish the major contributing cause of her back problems. The Board found that neither of the two medical opinions on the issue of causation established that work activities were the major contributing cause of her back condition. Substantial evidence supports the Board's finding. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988). Because claimant's back injury is not compensable, neither is her depression.

Affirmed.