Argued and submitted September 2, 1992, affirmed October 20, 1993

Richard OMEY,
*Petitioner,*

*v.*

SENIOR AND DISABLED SERVICES DIVISION,
*Respondent.*

(5-2417-BV9247-5; CA A73309)

861 P2d 394

Michael A. Keeney argued the cause for petitioner. With him on the brief was Marion-Polk Legal Aid Service, Inc.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of an order of the Senior and Disabled Services Division (SDSD) determining that he is not eligible for General Assistance (GA) and Medicaid benefits. OAR 461-125-510; OAR 461-125-370. We review for substantial evidence and errors of law, ORS 183.482(8), and affirm.

Petitioner was injured in a recreational vehicle accident on February 15, 1991. He had worked primarily in construction as a carpenter and is no longer able to perform that job. He has an associate degree in architectural drafting. SDSD denied his application for GA and Medicaid benefits. Petitioner requested a hearing. The hearing officer concluded that petitioner was entitled to GA benefits only until May 16, 1991, the day on which a specialist reported that he was able to return to light work. The hearing officer also concluded that he was not eligible for Medicaid, because his disability did not prevent his employment for twelve continuous months. On reconsideration, the hearing officer refused to consider new evidence and adhered to the earlier order.

■ Petitioner assigns error to the determination that he is ineligible for GA benefits after May 16, 1991. He argues that the hearing officer's decision is not supported by substantial evidence. To be eligible for GA, claimants must be "unemployable" for at least sixty days. OAR 461-125-510. "Unemployable" means that the claimant is unable to perform one or more of the following activities without experiencing

"severe palpitation, pain, fatigue, nausea with vomiting, or difficulty breathing * * *:

"(a) Lift five pounds occasionally;

"(b) Sit, stand or alternate sitting and standing, for at least four hours per work day;

"(c) Reach for, grasp, manipulate and hold objects with at least one hand;

"(d) Be independently mobile outside the home, even with the use of mechanical aids." OAR 461-125-550(1).

The hearing officer found that,

"[a]fter May 16, 1991, claimant could walk approximately 1-1/2 miles per day. Claimant could lift 1-5 pounds

occasionally (such as a gallon of milk or a sack of groceries). He could sit for about 1-1/2 hours, stand or alternate sitting and standing for at least 4 hours per work day. He could reach for, grasp, manipulate and hold objects with at least one hand."

Those findings are supported by substantial evidence, including petitioner's own testimony. *See Armstrong v. Asten-Hill*, 90 Or App 200, 206, 752 P2d 312 (1988).

■ Petitioner argues that the hearing officer should have considered the opinion of his treating physician that petitioner was likely to experience pain that would make it difficult or impossible for him to maintain any single body position for more than a few minutes at a time. After conducting the examination on which that opinion was based, the treating physician referred petitioner to a specialist, who reported that petitioner was limited in bending, lifting and stooping, but could begin looking for sedentary drafting jobs. The hearing officer gave greater weight to the opinion of the specialist because of his expertise and because he had more recently examined petitioner. The hearing officer made a full and fair inquiry into the facts, as required by ORS 183.415(10).[1] We may not disturb the agency's evaluation of the medical evidence.

■ Petitioner argues that the hearing officer should have considered new medical evidence in response to his motion for reconsideration. He attached to his motion a letter from his treating physician summarizing a new examination of petitioner. The hearing officer refused to consider the letter, because petitioner could have submitted a more current examination report from his treating physician at the original hearing. *See* OAR 461-25-380.[2] There was no error.

---

[1] ORS 183.415(10) provides:

"The officer presiding at the hearing shall insure that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the presiding officer in the case."

[2] OAR 461-25-380 provides, in part:

"(1) Reconsideration may be granted when:

"(a) An error in procedure can be remedied without a rehearing and *without consideration of additional evidence*;

"(b) An order is *legally* incorrect;

"(c) There is insufficient evidence *in the record* to support the result; or

■■  Petitioner also assigns error to the decision that he is not entitled to Medicaid benefits. To prove entitlement, a claimant must be determined

"to meet SSA disability criteria:

"(a)  Inability to perform any substantial work for pay or profit as a result of a medically proven physical or mental impairment; and

"(b)  The disability has lasted, or is expected to last, at least 12 months, or is diagnosed as terminal." OAR 461-125-370(3).

The hearing officer concluded that petitioner's condition would not "prevent his employment for a continuous period of 12 months." There is substantial evidence to support the hearing officer's determination that petitioner was able to return to sedentary work. Petitioner cites *Bunnell v. Sullivan*, 947 F2d 341 (9th Cir 1991), in which the Ninth Circuit held that, in social security disability claims, the adjudicator should not reject a claimant's subjective complaints of pain solely because there is no objective medical evidence to support the degree of pain alleged. *Bunnell* is not relevant to petitioner's case. There is no indication that the hearing officer rejected petitioner's testimony about his pain. On the contrary, it relied on petitioner's testimony in concluding that his pain did not prevent him from returning to light work.

Affirmed.

---

"(d)  There are other similar grounds.

"(2)  Rehearing may be granted when:

"(a)  *Newly discovered evidence* was not reasonably discoverable before the hearing record was closed." (Emphasis supplied.)