Argued and submitted January 28, 1999, affirmed June 28, 2000

In the Matter of the Compensation of
Veronica M. Strackbein, Claimant.

Veronica M. STRACKBEIN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Harsch Investment,
*Respondents.*

(WCB 96-03694, 96-08239; CA A99635 (Control), A100449)
(Cases Consolidated)

9 P3d 121

Darris K. Rowell argued the cause and filed the brief for petitioner.

Julene M. Quinn argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* Warden, S. J.

**WOLLHEIM, J.**

In these consolidated petitions for review, claimant challenges two separate orders of the Workers' Compensation Board. The first order reversed administrative law judge (ALJ) Herman's order awarding claimant permanent total disability (PTD). According to the Board, claimant was not entitled to any additional permanent disability. The second Board order reinstated SAIF's denial of a post-concussive syndrome (PCS). We review both orders for substantial evidence. ORS 656.298(7); ORS 183.482(8)(c). *Hurlburt v. Tecton Laminates Corp.*, 135 Or App 202, 203, 897 P2d 347 (1995); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205-06, 752 P2d 312 (1988), and we affirm.

In September 1985, claimant was injured in a motor vehicle accident that occurred during the course and scope of her employment. SAIF accepted a cervical and lumbar strain. The claim was closed and claimant was eventually awarded 15 percent permanent partial disability (PPD). An October 1992 order required that the claim be reopened and that SAIF accept an inner ear concussion syndrome and an adjustment reaction with anxiety and depression. SAIF's denial of several other related conditions was affirmed. The claim was closed in November 1995 without an award of additional permanent disability. Claimant requested reconsideration but was not awarded any additional permanent disability.

At the hearing, Herman awarded claimant PTD, relying on one of the attending physician's opinion that claimant's current disability was due to the compensable injury and the conditions SAIF was ordered to accept.[1] SAIF requested Board review. The Board reversed, stating that it was not persuaded by the attending physician's opinion that claimant's current disability was due to the compensable conditions. Accordingly, the Board reinstated the reconsideration order awarding claimant no additional permanent disability.

---

[1] The parties expressly preserved the right to litigate the compensability of claimant's PCS. Shortly after the hearing, SAIF denied that claimant's PCS was compensable. The second Board order on review concerns that denial.

Claimant requested reconsideration and asked that the Board take administrative notice of a subsequent order by ALJ Galton that held that claimant's PCS was compensable.[2] Claimant argued to the Board that the law of the case doctrine applied. According to claimant, the Board was precluded from discounting the attending physicians' opinions because Galton concluded that claimant's PCS was compensable. The Board held that the law of the case doctrine did not apply, because Galton's order finding that claimant's PCS was compensable was not yet final. In addition, the Board noted that the compensable inner ear syndrome was not the same condition as the PCS. The Board relied on one of the attending physician's opinion that the inner ear syndrome had resolved and that claimant's current disability was due to the PCS.

Meanwhile, in May 1996, claimant asked SAIF to accept the PCS and, in August 1996, SAIF denied that condition. As previously indicated, Galton set aside the denial, concluding that Herman's order, finding that claimant's current disability was compensable, precluded him from affirming the denial. In addition, Galton concluded, after his *de novo* review of the evidence, that claimant's PCS condition was compensable.

SAIF asked the Board to review and to take administrative notice of the Board's prior order that claimant's current disability was not due to the compensable injury. It argued that the Board should apply the law of the case doctrine to that order, even though it was not final because a petition for judicial review had been filed. The Board concluded, based on the law of the case doctrine, that claimant's PCS condition was not compensable. In a footnote, the Board stated that, in any event, claimant did not prove the compensability of the PCS condition. The Board concluded that neither attending physician's opinion was persuasive.

We do not address the parties' arguments concerning the Board's application, or refusal to apply, the law of the case doctrine. Rather, we decide these cases based on the

---

[2] While the appeal of claimant's PTD was pending before the Board, Galton set aside SAIF's denial of claimant's PCS.

Board's alternate grounds that claimant did not establish she was entitled to an award of PTD and that she did not establish that her PCS was compensable.

■    The issue in the first Board order is whether claimant is permanently totally disabled due to her compensable conditions and any preexisting disability. ORS 656.206(1)(a). We review for substantial evidence. *Hurlburt*, 135 Or App at 203. The primary issue before the Board was whether claimant's current disability was due to her compensable injury. Dr. Tobin stated that claimant's current disability was due to the compensable conditions. The Board discounted Tobin's opinion because she did not explain how claimant's injury in 1985 was still the cause of claimant's symptoms more than ten years later. Nor, according to the Board, did Tobin explain the impact of claimant's denied conditions on her current disability. Next, the Board also considered the medical arbiter's report. The Board concluded that the medical arbiter's report established that claimant's current disability is not due to her compensable injuries. Substantial evidence supports the Board's order that claimant is not entitled to PTD benefits.

■    In her second assignment of error, claimant argues that the Board erred in affirming SAIF's denial of the PCS. Claimant does not dispute that there is divided medical evidence concerning the compensability of the PCS. Rather, she argues that the Board erred in concluding that claimant's current condition was not the same condition that SAIF was ordered to accept in October 1992. In October 1992, SAIF was ordered to accept an inner ear syndrome. The Board relied on Tobin's opinion that the inner ear syndrome resolved and that claimant's current disability was due to the PCS. Based on that opinion, there is substantial evidence in the record to support the finding that claimant's current condition is not the same as her inner ear syndrome.

Affirmed.