Submitted on record and brief October 7, reversed and remanded for reconsideration December 7, 2005

Jennifer DYE,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Hilton Corporation,
*Respondents.*

04-AB-2993; A127873

125 P3d 775

Jennifer L. Dye filed the brief for petitioner *pro se*.

Richard D. Wasserman, Attorney-In-Charge, Civil/Administrative Appeals Unit, waived appearance for respondent Employment Department.

No appearance for respondent Hilton Corporation.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Claimant seeks review of an order of the Employment Appeals Board that denied her request to reopen her case pursuant to OAR 471-040-0040[1] on the ground that the request to reopen was not promptly filed. We conclude that we cannot meaningfully review the board's order because the board failed to sufficiently explain its determination that claimant's request to reopen her case was not filed promptly. Accordingly, we reverse and remand for reconsideration.

Claimant, a hotel worker, was discharged for improper handling of a guest transaction resulting in the alleged theft of $5. The Employment Department denied claimant's request for benefits, and claimant requested a hearing to challenge the denial. A telephonic hearing was held on March 19, 2004, and claimant participated in that hearing. On June 22, 2004, the Office of Administrative Hearings sent claimant a notice, advising her that another hearing would be held by telephone on July 8, 2004, at 10:45 a.m. The notice informed claimant that certain telephone features, such as caller ID and call blocking, would prevent the administrative law judge (ALJ) from being able to contact her. The notice also advised claimant that, if she had not received the ALJ's telephone call within 10 minutes of her scheduled hearing time, she should call a designated toll-free number. Because claimant had participated in the March hearing, she believed that she did not have any of the listed features on her phone.[2]

---

[1] OAR 471-040-0040 provides, in part:

"(1) After service of an administrative law judge's decision as set forth in ORS 657.270, an administrative law judge may reopen the case at any time if the party:

"(a) Requesting the reopening failed to appear at the hearing;

"(b) Makes, in writing to the administrative law judge promptly after gaining knowledge of the decision, a request to reopen; and

"(c) Has good cause for failing to appear at the hearing."

The administrative rules were changed in 2005. Those changes were not substantive, however, and do not affect our analysis.

[2] On the basis of the record before us, we cannot determine if the March and July hearings were on the same or different matters. That fact, however, is not important. For present purposes, what is important, at least as factual context for this analysis, is the fact that two telephonic hearings were held and that claimant received the call for the first one but not the second one.

On July 8, 2004, claimant was prepared to participate in the hearing but received no telephone call. Within 10 minutes of the scheduled time for the hearing, claimant called the designated telephone number and received a busy signal. When claimant finally did reach someone at the Office of Administrative Hearings, she was told that the ALJ had already made a decision and that the hearing was over.

On July 9, 2004, claimant received a copy of the ALJ's written decision in the mail. She delayed filing a request to reopen her case, however, because she wanted to determine why she had received a call for the March hearing but not for the July hearing. Claimant filed her request seven days after receiving the written decision. She believed that the filing was prompt, in part, because the time frame for seeking the board's review was 20 days.

The ALJ denied claimant's request to reopen her case on the ground that, although she had petitioned promptly, her failure to appear was not reasonable. The ALJ determined that claimant had been aware of a call blocking feature on her telephone and that her failure to disable that call blocking feature rendered her nonappearance unreasonable.

On review, the board concluded that claimant reasonably had failed to appear for her hearing, but that her request to reopen was not filed promptly. *See* OAR 471-040-0040(1) (request to reopen must be made "promptly after gaining knowledge of the decision"). Specifically, the board observed that plaintiff waited seven days to file her request because she wanted someone to explain to her why she was able to participate in the March hearing but not in the July hearing. The board then summarily concluded that it was "not persuaded that claimant acted promptly when she waited one week to file her reopen request under the circumstances." The board provided no further explanation of its reasons for concluding that claimant's request was not prompt.

■ On judicial review, claimant challenges the board's conclusion, arguing that she was given no information as to what constitutes "promptly" for purposes of the reopening

procedure. She asserts that there is something fundamentally "wrong with a process by which an agency announces [a] vague standard," causing a claimant to lose her right to be heard when she inadvertently misunderstands the meaning of that standard. Compellingly, claimant argues:

"Under the thinking of [the board], what, finally, does the word 'promptly' mean? Does it mean one day, two days, four and a half days? Can it mean one thing in one case and something else in another? Unless we have standards that are openly announced and equally applied, the protections created by the Constitution will not have been honored."

Claimant's arguments are well taken insofar as they are directed to the adequacy of the board's explanation in its order. Our role on review, in part, is to evaluate whether the board's findings are supported by substantial evidence, which means evidence that, in viewing the record as a whole, would permit a reasonable person to make a finding. ORS 183.482(8)(c); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205-06, 752 P2d 312 (1988) (To review a board order for substantial evidence, "we must be able to know what the [b]oard found as fact and why it believes that its findings led to the conclusions that it reached."). In addition to the requirement that findings be supported by substantial evidence, the board must provide a "sufficient explanation to allow a reviewing court to examine the agency's action in relation to the range of discretion granted by the legislature, the agency's own rule, officially stated agency position, or a prior agency practice." *Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997) (citations and internal quotation marks omitted); *see also Drew v. PSRB*, 322 Or 491, 500-01, 909 P2d 1211 (1996) (agency must provide "*reasoning* that leads [it] from the *facts* that it has found to the *conclusion*s that it draws from those facts" (emphasis in original)).

The problem here is that the board inadequately explained *why* waiting seven days to file her request was not prompt. Indeed, the board offered no real explanation at all. The board merely said that it was "not persuaded" that claimant acted promptly. We cannot tell whether that conclusion is specific to the circumstances in this case, and, if so, what particular circumstances were important to the board's

reasoning. We cannot tell whether the board believes that, as a rule, seven days is excessive and requires exceptional justification or whether the board has no particular benchmark in mind and simply reviews each case on its own facts. If the board does the latter, and determines the promptness of each request on an *ad hoc* basis, we do not know what factors channel and guide the board's discretion in doing so. Without some further explanation, we cannot determine the adequacy of the board's findings, the correctness of the legal standard that it applied, nor whether its decision in this case is consistent with its decision in other cases. *See, e.g., Portland Assn. Teachers v. Mult. Sch. Dist. No. 1,* 171 Or App 616, 644, 16 P3d 1189 (2000) (so stating). In other words, the board's order is not supported by substantial reason. *Id.* For us to meaningfully perform our role in reviewing the board's order, it is incumbent on the board to better explain its determination in this case that claimant's request to reopen was not prompt.

Reversed and remanded for reconsideration.