249 P.3d 158 (2011)
241 Or. App. 287
In the Matter of the Compensation of Pamela Bonfiglio, Claimant.
Kaiser PERMANENTE, Petitioner,
v.
Pamela BONFIGLIO, Respondent.
0703508; A141902.
Court of Appeals of Oregon.
Argued and Submitted August 25, 2010.
Decided March 2, 2011.
Benjamin C. Debney argued the cause and filed the briefs for petitioner.
George J. Wall, Portland, argued the cause and filed the brief for respondent.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and ROSENBLUM, Judge.
SCHUMAN, P.J.
Employer, Kaiser Permanente, seeks review of an order of the Workers' Compensation Board setting aside employer's partial denial of claimant's "new or omitted medical condition" claim for right radial neuropathy, contending that substantial evidence does not support the board's finding that claimant's condition is compensable. We conclude that *159 the board's order is supported by substantial evidence and affirm.
On January 23, 2006, while performing data entry work for employer, claimant began to suffer pain in her right forearm. On February 27, 2006, she saw Dr. North, who diagnosed tendinitis and administered a cortisone injection. After that treatment, claimant's symptoms seemed to worsen, and since then she has seen a succession of doctors in the diagnosis and treatment of her condition. Claimant had two nerve conduction studies (electromyograms, or EMGs), one in March 2006, which was "normal," and one in December 2006, which revealed abnormalities.
Claimant filed a workers' compensation claim, and employer accepted a claim for right forearm strain. Subsequently, claimant added a new or omitted medical condition claim for right radial neuropathy and for left forearm strain, both of which employer denied.
Claimant requested a hearing, and the administrative law judge (ALJ) and the board found that claimant had established the compensability of her right radial neuropathy and her left forearm strain. Employer seeks judicial review, challenging only the determination as to the compensability of the right radial neuropathy. Specifically, employer contends that the board's order is not supported by substantial evidence, because the medical opinions on which the board relied were not persuasive and do not constitute substantial evidence.
There were a multitude of medical opinions in this case. The board discounted the opinions of the physicians who had examined claimant on behalf of employer, for the reason that they had not seen the December 2006 EMG showing abnormalities. The board determined that the opinions of claimant's treating physicians supported the compensability of claimant's condition. Ultimately, however, in affirming the ALJ, the board relied primarily on the opinion of Dr. Stigler, a neurologist, because his opinion was based on objective findings, on the most complete information, and was better explained than the opinions of claimant's other physicians. Stigler based his opinion on claimant's medical history and on the December 2006 EMG. The board, in affirming the ALJ, reasoned that Stigler, as a neurologist, had expertise in analyzing neurological problems and interpreting electrodiagnostic studies. Stigler expressed the opinion that claimant was suffering from radial neuropathy, and that claimant's work was its major contributing cause.
In its first assignment of error, employer asserts that Stigler's opinion is not persuasive, for the reason that, in deciding that work was the primary cause of claimant's condition, Stigler failed to evaluate the relative contributions of other possible causes. See Dietz v. Ramuda, 130 Or.App. 397, 401, 882 P.2d 618 (1994), rev. dismissed, 321 Or. 416, 898 P.2d 768 (1995) (determining major contributing cause involves evaluating the relative contribution of different causes of an injury or disease and deciding which is the primary cause).
Specifically, employer asserts that Stigler failed to address and reject a theory by Dr. Yoshinaga, one of the many physicians who had examined claimant, that, in view of a "normal" EMG in March 2006, claimant's radial nerve condition must have been caused by an event after March 2006. However, aside from Yoshinaga's theory, there was no indication that Stigler believed that an event subsequent to March 2006 contributed to claimant's condition. Accordingly, there was no reason for him to weigh the potential contribution of other causes. In any event, as the ALJ noted, Yoshinaga explained that he was not an expert at reading EMGs and he expressly deferred to and concurred in Stigler's opinion.
Similarly, employer asserts that Stigler's opinion is unpersuasive because it failed to address claimant's theory that the cortisone injection that claimant received might have contributed to her condition. (Employer itself rejects that theory.) However, once again, Stigler was aware of the cortisone injection, and there is nothing to indicate that Stigler himself believed that it had contributed to claimant's condition; thus, there was no need for him to weigh its contribution.
*160 Employer contends, further, that, in light of the fact that the board found persuasive Yoshinaga's opinion that, based on the "normal" March 2006 EMG, claimant's left wrist pain was not nerve related, the board needed to explain why it did not also accept the results of the March 2006 EMG showing no nerve abnormalities in claimant's right arm. The simple answer to that assertion is that the medical record contains other evidence, including the December 2006 EMG and Stigler's opinion, that supports the board's findings with respect to the right arm, and that also constitutes substantial evidence.
Finally, employer contends that the board failed to explain purported inconsistencies in other medical opinions that the board said supported the compensability of claimant's condition. As noted, the board relied primarily on Stigler's opinion, and adequately explained why it found his opinion to be the most persuasive. The board was not required to explain why all the other opinions were less persuasive. Stigler's opinion constitutes substantial evidence and supports the board's findings. See Castro v. Board of Parole, 232 Or.App. 75, 84-86, 220 P.3d 772 (2009); Armstrong v. Asten-Hill Co., 90 Or. App. 200, 206, 752 P.2d 312 (1988).
In its second assignment of error, employer contends that the board violated ORS 183.482(8)(b)(B) by departing from long-established precedent without explanation. That long-established precedent, employer contends, is the board's practice of requiring physicians to rebut contrary medical opinions in the record. Specifically, employer contends that the board should have required Stigler to explain why his opinion was persuasive in the face of an inconsistent opinion by Yoshinaga, who, as previously noted, supported the compensability of claimant's condition but suggested that it may have been triggered by an event after March 2006.
We reject employer's contention. Assuming the existence of such a "precedent," as previously noted, Yoshinaga's ultimate conclusion was not contrary to Stigler's; he explicitly concurred in Stigler's opinion. Additionally, as also previously noted, the board reasonably explained why it found Stigler's opinion more persuasive than the other medical opinions. The board's order is supported by substantial reason and substantial evidence.
Affirmed.