Argued and submitted October 19, 2004, affirmed April 27, 2005

In the Matter of the Compensation of
Jon A. Shaw, Claimant.

## UNITED STATES BAKERY,
*Petitioner,*

*v.*

Jon A. SHAW,
*Respondent.*

02-05872, 02-05873; A123547

111 P3d 1143

E. Jay Perry argued the cause for petitioner. With him on the briefs was Employers Defense Counsel.

James C. Egan argued the cause for respondent. With him on the brief was Kryger Alexander Egan Elmer & Carlson PC.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

In this workers' compensation case, employer seeks judicial review of an order of the workers' compensation board affirming an order of the administrative law judge (ALJ) setting aside employer's denial of claimant's right and left shoulder aggravation claims. Employer makes three assignments of error. We reject two of its assignments without discussion and write only to address the second assignment, in which employer asserts that the board's order is not supported by substantial evidence. We affirm on that assignment.

Claimant is a bakery route salesman who has worked for employer since 1980. His work requires repetitive loading and unloading of his employer's products and the use of his arms over his head. In 1996, claimant developed a right shoulder impingement syndrome as the result of his work activities and underwent surgery. His claim was closed in 1997 with an award of unscheduled disability. In 1997, claimant filed a similar claim for his left shoulder. That claim was also accepted and closed in 1998 with an award of unscheduled disability. This case arises out of an aggravation claim that claimant filed in 2002 and that employer denied. Employer contends that the major contributing cause of claimant's present condition is not his compensable shoulder injuries but rather his subsequent activities after his accepted claims were closed. The board and the ALJ found to the contrary, and we review for substantial evidence. ORS 183.482(8)(c).

ORS 183.482(8)(c) provides, "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." As we said in *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988),

"[t]hat test * * * requires us to look at the whole record with respect to the issue being decided, rather than at one piece of evidence in isolation. If an agency's finding is reasonable, keeping in mind the evidence against the finding as well as the evidence supporting it, there is substantial evidence."

Here, the board adopted the ALJ's findings:

"Dr. Gordin is claimant's treating orthopedist. She has opined that the September 25, 1996 work injury remains the major contributing cause of the condition for which she is treating claimant's right shoulder. The doctor further opined that the May 1, 1997 injury remains the major contributing cause of the left shoulder condition that she is treating. (Ex. 38). Dr. Gordin stated that claimant had experienced a medical worsening of each shoulder. The doctor listed objective findings of a worsening as: 'bilateral loss of motion and loss of strength compared to the closing exam in April 1998, tenderness over the biceps tendon bilaterally, and positive impingement sign bilaterally.' (Ex. 38).

"Dr. Thomas, orthopedist, examined claimant at the employer's request. Dr. Thomas diagnosed bilateral partial tear of the rotator cuff with tendonitis and biceps tendon subluxation. Dr. Thomas stated that claimant's work activities, specifically overhead work, has caused the tendon to rub or impinge on the acromion. This caused the partial tear of claimant's rotator cuffs. (Ex. 38A-8). In Dr. Thomas' opinion, the major contributing cause of claimant's current bilateral shoulder conditions is his overhead work with his arms.

"Dr. Gordin gave deposition testimony. She testified that the most significant extrinsic factor that contributes to impingement syndrome is overhead use of the arms. (Ex. 43-9). The doctor continued to believe that claimant's overhead work was the major contributing factor in the bilateral shoulder condition. (Ex. 43-26).

"While Dr. Gordin and Dr. Thomas relate claimant's worsened bilateral shoulder condition to overhead lifting activities at work, Dr. Gordin previously also opined that the 1996 and 1997 claims remained the major contributing cause of the condition. In addition, the prior shoulder claims were gradual in onset and were caused by claimant's work activities, including overhead lifting. (Ex. 4). Thus, the compensable claims were related to claimant's work activities and were in the nature of occupational diseases as opposed to industrial injuries. Claimant has continued to do the same job that caused the compensable 1996 and 1997 claims.

"Based on this record, I find that the 1996 and 1997 claims are the major contributing cause of claimant's current worsened bilateral shoulder condition. In this regard, I

find the opinion of the treating orthopedist, Dr. Gordin, persuasive. Her opinion is not contradicted by that of Dr. Thomas, who concurs that the condition is work-related. While continued overhead lifting may have also contributed to a worsening of the accepted condition, the evidence establishes that the worsened condition results from original accepted claims. Accordingly, I am not persuaded by the employer's argument that claimant's current worsened condition is attributable to a new occupational disease (that has not been claimed), rather than the compensable 1996 and 1997 claims. Because the record establishes an actual worsening of the compensable condition under ORS 656.273(1), I conclude that the denials should be set aside."

On review, employer argues, regarding the above findings:

"Both of the medical experts in this record attribute claimant's worsened bilateral shoulder condition to 'overhead activities at work', as the Board found when it affirmed the Opinion and Order (Rec. at 33). It chose to rely, however, on a contradictory response made by claimant's attending physician to a leading question in a solicitation letter from claimant's attorney. That response (Ex. 38), which contradicted every other expressed opinion of Dr. Gordin regarding causation both before and after the hearing in this matter is not persuasive and does not provide substantial evidence to support a finding that claimant's 1996 and 1997 injuries are the major cause of claimant's worsened condition."

We understand employer to argue that no reasonable factfinder could rely on Gordin's report in Exhibit 38 in light of the remainder of the evidentiary record. Before examining its contents, we note that Gordin wrote Exhibit 38 in October 2002 in response to claimant's counsel's letter, after she first examined claimant on April 4, 2002, but before she was deposed in January 2003. In Exhibit 38, she stated:

"I have now completed my orthopedic evaluation of [claimant's] shoulders and will answer your letter of July 19, 2002. You may find the history given to me, the objective findings, subjective symptoms, diagnosis and prognosis in my chart notes of April 4th and 9th, August 21st and October 3rd of this year.

"1. a. The work injury (repetitive overhead use) of Sept. 25, 1996 remains the major contributing cause of the condition for which I am now treating [claimant's] right shoulder. b. The work injury (repetitive overhead use) of May 1, 1997 remains the major contributing cause of the condition for which I am treating [claimant's] left shoulder.

"2. [Claimant] has experienced a medical worsening of the condition of each shoulder.

"3. Objective findings indicative of worsening are as follows: Bilateral loss of motion and loss of strength compared to the closing exam in April 1998, tenderness over the biceps tendon bilaterally, and positive impingement sign bilaterally.

"4. As confirmed by MRI, [claimant's] shoulders have deteriorated significantly since 1998. As I review Dr. Steele's notes, I see that an arthrogram of the left shoulder in 11/97 showed no rotator cuff tear. There were no findings suggestive of biceps tendon pathology. He now has multiple foci of pathology in both shoulders, including rotator cuff tears and biceps tendon fraying and subluxation. In other words, the rotator cuff tissue has torn and the biceps tendons have popped out of their tunnels and become frayed."

Employer first contends that Gordin's findings in October 2002 are inconsistent with her earlier chart notes. But a reasonable factfinder could conclude from Gordin's letter that she took her earlier findings into account, because she referred expressly to those earlier contacts with claimant and stated in Exhibit 38 that she had "now completed [her] orthopedic evaluation[.]" Employer also argues that "[n]ot once in Dr. Gordin's deposition testimony does she attribute claimant's worsened shoulder conditions to his original 1996 and 1997 injuries and the accepted compensable conditions that resulted from those injuries."

In fact, during Gordin's deposition, employer's counsel referred her to the month of October 2002, when he had asked her whether she believed that claimant's "work activities remain[ed] the major contributing cause, assuming that he had an accepted left and right shoulder prior to this." Gordin responded that she recalled that question and said,

"but I do believe that his overhead work was the major contributing factor." Counsel then asked, "Do you still believe that?" Gordin answered, "Yes." A reasonable trier of fact could properly infer from Gordin's responses in her deposition that she was reaffirming the conclusions that she described in Exhibit 38. Gordin was also asked in her deposition if the overhead use after surgery "was probably a causative factor of the spurring" and the cause of the pathological changes in claimant's rotator cuffs "that you are currently observing," and she answered in the affirmative. However, it does not necessarily follow from the fact that the post-surgery spurring is a causative factor in claimant's present condition that it is the *major* contributing cause of that condition.

The ALJ and the board found that Gordin "continued to believe that claimant's overhead work was the major contributing factor in the bilateral shoulder condition" and that finding is supported by substantial evidence. They also found that, "[w]hile continued overhead lifting may have also contributed to a worsening of the accepted condition, the evidence establishes that the worsened condition results from original accepted claims." We conclude that a reasonable trier of fact could infer from Gordin's deposition testimony that she "still" believed, as she had stated in Exhibit 38, that the accepted injuries remained the major contributing cause of claimant's present condition.

Affirmed.