Argued and submitted February 28, reversed and remanded
for reconsideration April 5, 2006

# LIBERTY NORTHWEST INSURANCE CORPORATION,
*Respondent,*

*v.*

## Ronald KRAFT,
*Petitioner,*

*and*

## DEPARTMENT OF CONSUMER AND BUSINESS SERVICES,
*Respondent.*

H04-166; A127648

132 P3d 60

R. Adian Martin argued the cause and filed the reply brief for petitioner. On the opening brief was Aukjen T. Ingraham.

David O. Wilson argued the cause and filed the brief for respondent Liberty Northwest Insurance Corporation.

Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals Unit, waived appearance for respondent Department of Consumer and Business Services.

Before Haselton, Presiding Judge, and Edmonds and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Petitioner seeks judicial review of an order by an administrative law judge (ALJ) that, in turn, reversed an order of the Medical Review Unit (MRU) of the Workers' Compensation Division of the Department of Consumer and Business Services. The MRU had directed respondent carrier to pay certain expenses related to a canceled surgery. Petitioner contends that the ALJ, in overturning the MRU's determination, applied an erroneous standard of review. We agree and, consequently, reverse and remand.

The facts material to our review and disposition are undisputed. Pursuant to ORS 656.245(1)(c)(L),[1] petitioner sought compensation before the MRU for medical services pertaining to a canceled low back surgery, which respondent had refused to pay. The MRU made findings of fact and, based on those findings, determined that the disputed services qualified as "curative care," ORS 656.245(1)(c)(L), and were, thus, compensable.

Respondent appealed that determination to the ALJ. OAR 436-010-0008(14). OAR 436-001-0225, promulgated by the Workers' Compensation Division, prescribes the standard of review governing an ALJ's review on appeal of an MRU order in a proceeding under ORS 656.245:

"(1)   Except for the matters listed in sections (2) and (3), the administrative law judge reviews all matters within the director's jurisdiction de novo, unless otherwise provided by statute or administrative rule.

---

[1] ORS 656.245 provides, in part:

"(1)(a) For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires * * * including such medical services as may be required after a determination of permanent disability. * * *

"* * * * *

"(c) Notwithstanding any other provision of this chapter, medical services after the worker's condition is medically stationary are not compensable except for the following:

"* * * * *

"(L) Curative care provided to a worker to stabilize a temporary and acute waxing and waning of symptoms of the worker's condition."

"(2) In medical service and medical treatment disputes under ORS 656.245 * * * *the administrative law judge may modify the director's order only if it is not supported by substantial evidence in the record or if it reflects an error of law.* New medical evidence or issues may not be admitted or considered."

(Emphasis added.)

The ALJ reversed the MRU's order. In doing so, and notwithstanding the explicit directive of OAR 436-001-0225(2), the ALJ purported to engage in "*de novo*" review. In particular, the ALJ's order explicitly states, "I review *de novo.* OAR 436-001-0225(1)." Consistently with that "*de novo*" standard of review, the ALJ, while adopting certain of the MRU's findings of fact, also rendered "supplement[al]" findings of fact that were, ultimately, material to the ALJ's disposition.

On judicial review, petitioner contends that the ALJ's application of a "*de novo*" standard of review was erroneous, *see* OAR 436-001-0225(2), and that we should reverse and remand for reconsideration under the correct standard of review. Respondent acknowledges that the correct standard of review is for "substantial evidence," and not "*de novo.*" Nevertheless, respondent contends that the ALJ's reference to "*de novo*" was merely a "scrivener's error" or misnomer— and that the ALJ did, in fact, apply "substantial evidence" review. We disagree.

Under "substantial evidence" review,

"[the reviewing tribunal] look[s] at the whole record with respect to the issue being decided, rather than at one piece of evidence in isolation. If an agency's finding is reasonable, keeping in mind the evidence against the finding as well as the evidence supporting it, there is substantial evidence."

*Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988). Thus, "substantial evidence" review "is not what has been referred to as the 'any evidence' rule * * * but it is also *not de novo* review." *Id.* (citation omitted; emphasis in original); *see also United States Bakery v. Shaw*, 199 Or App 286, 288-89, 111 P3d 1143 (2005). Here, the ALJ rendered "supplement[al]" findings of fact. Nothing in our understanding of

"substantial evidence" review comports with an adjudicator rendering findings of fact. Rather, the rendition of findings of fact is associated with *de novo* review.

We thus conclude that the ALJ not only purported to apply, but actually applied, the erroneous *de novo* standard of review. We remand for the ALJ to review the MRU's determination under the correct standard.

Reversed and remanded for reconsideration.